ABBOTT v. EASTON.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

MECHANICS' LIENS—ENFORCEMENT — COMPLAINT — SUFFICIENCY — COMPLIANCE
     WITH STATUTORY PROVISIONS.
          Lien Law 1897, p. 525, c. 418, § 23, provides that mechanics' liens may be
     enforced against the property and against any person liable for the debt
     according to the provisions of the Code of Civil Procedure relating thereto.

Code Civ. Proc. § 3401, read with section 1629, requires that in an action brought to enforce a lien the complaint must show whether any other action has been brought at law to recover any part of the debt, and, if so, whether any part thereof has been collected. *Held* that, where the complaint in an action to recover for lumber sold and to enforce a lien therefor did not contain the allegations required by said sections 3401 and 1629, the action could not be maintained as one to enforce a lien.

Chester, J., dissenting.

Appeal from Lawrence County Court.

Action by Vasco P. Abbott against James B. Easton. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Abbott & Dolan (J. C. Dolan, of counsel), for appellant.
Parker & Sturtevant, for respondent.

JOHN M. KELLOGG, J. The action was brought in County Court. The complaint contained the allegations usual in an action to recover for lumber sold and delivered, and also that the lumber sold was used for the improvement of certain premises, describing them, and that within 90 days from the furnishing of the lumber "plaintiff caused a notice of mechanic's lien to be filed on said premises for the amount in St. Lawrence county clerk's office, which notice contained a description of the land," and was filed against the defendant, the owner, and asked judgment for the value stated, and that it be declared a lien upon the land and enforced accordingly, and for other relief. Certain allegations of the complaint, if standing alone, would be sufficient to sustain an action for lumber sold and delivered; but the other provisions of the complaint show clearly that the pleader had in mind an action to enforce a lien, rather than an action to recover for lumber sold and delivered. Upon the call of the calendar, the defendant moved to dismiss the complaint upon the grounds that it did not (1) contain a sufficient averment of the making and filing of a notice of lien; or (2) state whether any action had been brought to recover any part of the debt, or whether any part of the debt has been collected. The court took the matter under advisement, reserved its decision, and dismissed the complaint, without opinion.

Section 23 of the lien law (chapter 418, p. 525, Laws 1897) provides that the lien may be enforced against the property and against any person liable for the debt according to the regulations and provisions of the Code of Civil Procedure relating thereto. Chapter 419, p. 545, Laws 1897, added to the Code of Civil Procedure, title 3, c. 23, containing sections 3398 to 3414, regulating and providing the manner of enforcing such liens against the property and the person liable for the debt. Section 3401, read with section 1629 of the Code of Civil Procedure, requires that in an action brought for that purpose the complaint must show whether any other action has been brought at law to recover any part of the debt, and, if so, whether any part thereof has been collected. This complaint contained no such allegation, and therefore the action cannot be maintained as an action to enforce a

lien against the property or against the person liable for the debt. A mechanic's lien, and the action to enforce it, are statutory remedies, and the plaintiff must enforce such a lien in the manner pointed out by the statute. Before the addition of the above provisions to the Code, if the plaintiff in an action to enforce a lien failed to establish a valid lien, he could not in that action recover the debt. McDonald v. Mayor, 58 App. Div. 73, 68 N. Y. Supp. 462; Dudley v. Congregation, etc., of St. Francis, 138 N. Y. 451, 34 N. E. 281. Now, by section 3412, in an action properly brought to foreclose a lien, if the plaintiff for any reason fails to establish his lien, he may nevertheless recover judgment for the amount shown due upon the matters alleged. Bradley & Currier Co. v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080. But the section last referred to does not aid a plaintiff who has omitted from his complaint an allegation which the statute requires shall be alleged in such an action.

The appellant contends, however, that the allegations about the filing of the lien and its enforcement may be disregarded, and that he is entitled to recover for lumber sold and delivered. There are two answers to this contention: (1) The complaint shows the action was not brought to recover for lumber sold and delivered. (2) The objections raised by the defendant to the complaint show clearly that he was objecting to the action as one to enforce a lien, and the record shows that the plaintiff consented that the motion be decided by the court as a question of law. The complaint so clearly foreshadowed such an action, and the objections raised pointed so directly to such an action, that, if the plaintiff sought to use the pleading otherwise than according to its ordinary and natural meaning, it was his duty to call the attention of the court to his position. I think a fair interpretation of the submission to the court is that it was left to the court to determine whether the complaint was a sufficient complaint in an action to foreclose a mechanic's lien. The judgment of the County Court, therefore, should be affirmed, with costs, with leave to plaintiff to move in County Court for such relief as he may be advised.

SEWELL, J., concurs. SMITH, P. J., and COCHRANE, J., concur in result.

CHESTER, J. (dissenting). At the opening of the trial the defendant's counsel moved that the complaint be dismissed for the reason that it did not state facts sufficient to constitute a cause of action. This, in effect, was the same as if the complaint had been demurred to on that ground. If, therefore, any cause of action is stated in the complaint, the motion should have been denied. I agree that this complaint was insufficient as one for the foreclosure of a mechanic's lien, but it contains the statement of a good cause of action for lumber sold and delivered, and upon proof of the facts alleged the plaintiff would have been entitled to a money judgment for the amount claimed against the defendant.

In the case it is said that the motion to dismiss the complaint was on the grounds that it did not contain a sufficient averment as to the making and filing of a notice of lien, or state whether any other action

has been brought to recover any part of the debt in said complaint mentioned, or whether any part of such debt has been collected, but no such grounds are stated in the order entered or in the judgment appealed from. In these it is stated that the motion to dismiss was on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the decision is put on that ground. We should therefore take that as the ground of the motion, rather than any statement in the case differing from that. That being the ground, and the complaint stating a good cause of action for lumber sold and delivered, although it failed to state a good cause of action for the foreclosure of a mechanic's lien, the motion should have been denied.

When this motion to dismiss was made, it became a question of law for the court to decide, and no consent to its submission as a question of law was necessary. When the court decided that the complaint did not state a cause of action, it was not incumbent upon the plaintiff to do anything more in the court below, and his only remedy was to appeal. I vote for a reversal.