## JONES v. DODGE et al.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

1. MECHANICS' LIENS (§ 303*)—ACTIONS—PERSONAL JUDGMENT.

Though a mechanic's lien filed by plaintiff was fatally defective, the court could retain the action for the purpose of a personal judgment against defendant for work done and materials furnished under the contract, and for extra work and material, providing plaintiff was not in default.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 628–631; Dec. Dig. § 303.*]

2. CONTRACTS (§ 281*)—BUILDING CONTRACTOR—PAYMENTS—ORDER PRESCRIBED.

A building contractor is entitled to do his work and earn his payments in the order prescribed by the contract, except as the necessities of building require him to do in some part the work for which compensation is provided in the later installments.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 281.*]

8. CONTRACTS (§ 322*)—BUILDING CONTRACT—ACTION ON—FINDINGS—EVIDENCE—SUFFICIENCY.

In an action by a building contractor for work done and materials furnished, evidence *held* insufficient to sustain a finding that the abandonment of the work by the plaintiff was without cause.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Suffolk County.

Action by Herbert C. Jones against William De Leftwich Dodge, impleaded with Orville B. Ackerly and another. From part of the judgment entered, plaintiff appeals. Reversed and remanded.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Thomas J. Ritch, Jr., for appellant.
Selah B. Strong, 3d, for respondent.

PER CURIAM. The finding that the lien filed by the plaintiff was fatally defective is approved. Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531, affirmed as to this, 175 N. Y. 492, 67 N. E. 1080; Finn v. Smith, 186 N. Y. 465, 79 N. E. 714. But the court could retain the action for the purpose of a personal judgment against Dodge for work done and material furnished pursuant to the contract, and for extra work and material, provided the plaintiff proved that he was not in default on his part. Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572. Such default precluding recovery was found. A scrutiny of the record persuades that the evidence favors the plaintiff. He received in full the first four payments, with some delay on the part of the defendant which does not concern the present inquiry. The fifth payment of $1,500, due upon the completion of the plastering, was not made and was not earned. The question is by whose fault was the plastering left incomplete. The parties mutually accuse, and study of the evidence does not free the inquiry from doubt. But it is evident that the defendant interrupted the work of plastering, and, as the plaintiff contends, so suspended and embarrassed it that he was not able to complete it, and was driven finally to abandon performance, after doing much work that related to later payments. The defendant's attitude is that plaintiff could have devoted himself to other parts of the plastering not affected by defendant's failure to have the electric wiring done, and to other unfinished work to be met by later payments. But thereby the plaintiff would be left without funds that he was entitled to earn under his contract to aid him in his further performance of it. The plaintiff was entitled to earn his payments in the order prescribed by the contract, except as the necessities of building required him to do in some part the work for which compensation was provided in the later installments. However, the defendant was not privileged to force plaintiff to distribute his labor to several classes of work without power to complete any. The plastering awaited the completion of the wiring, the trim awaited the plastering, the payment of the $1,500 awaited the plastering. The sixth payment of $2,000 was due when the exterior finish was in place and the stable completed. Thatcher, who finished the building for the defendant, testified: "I found the exterior of the house practically completed, with the exception of that there was no sills" in the house. So the plaintiff, prevented from earning the fifth payment, had almost earned the sixth payment, so far as the exterior finish was concerned, and Thatcher's memorandum of things undone contains no statement that the stable was unfinished, save in the suggestion that

a part of the ceiling was absent. But it is not clear that the ceiling was not extra work. There is the difficulty usually found in this class of cases of tracing satisfactorily what had been done and what not, and what was extra work.

The defendant seems to have treated quite cavalierly the charge of delaying the plastering pending the electric wiring. Now that was the vital question. He testified:

"I told him to go ahead and plaster the house, and finish it. That business of holding it up for the electric wiring was all nonsense, and for an excuse simply asked him to leave it for one day until the electricians could get one or two wires through there, that he could go ahead, but his reply was invariably more money. * * * He asked me to give him some money. I said the plastering was not done. I did not expect to pay for something that was not done. The payment was not due."

On cross-examination he stated:

"Q. I call your attention to this letter of February 17, 1908, in which you say, 'Will you please go on with your work on my place.' How do you reconcile that with the statement that his work was finished, before Mr. Jones left the place? A. Because he had to put up the electric fixtures. That was something afterwards. It had nothing to do with Jones at all. Something to be done to the stable and studio. Q. I call your attention to the fact that you say here, speaking of the house, so that I can proceed with the plaster? A. That was before the plastering then. Q. If as a matter of fact it was necessary for the electrician to do some work in February of this year to enable the plastering to be done, it could not be done in October, before Mr. Jones left? A. The electrician has not been back there since Mr. Jones left. I make no different answer to your repetition of the question."

The letter of February 17, 1908, was written several months after Jones stopped work. This letter is to Merrihew, a person named in the letter of September 28th from Dodge to Jones, wherein Jones is told: "Do not cover up with the plaster until after the inspection," etc. In the letter of February 17th Dodge writes Merrihew:

"Will you please go on with your work at my place, especially in the house, so that I can proceed with the plastering? I can see my way out of the woods now, and will let you have some money in about two or three weeks. I trust that you will not delay, as I want to push things as fast as I can now."

If Dodge could not proceed with the plastering until Merrihew did the work, how could Jones proceed with the plastering before Merrihew did the work? It seems from this letter that Dodge was preventing the completion of the plastering, and was refusing to pay the $1,500 that was due when the plastering should be completed. This left Jones in a situation where he could not earn the money for his use according to the terms of his contract. However the other evidence may be considered, this letter is the defendant's written declaration that he continued to obstruct the plastering, and thereby withheld from the plaintiff funds that he was entitled to earn; and, taken in connection with the other evidence, it is concluded that the finding is not sustained that the said "abandonment of the work by the plaintiff was without cause, and there was no good and sufficient cause to warrant the abandonment of the contract." It follows that there must be a new trial when a more intelligent presentation of the work done un-

der the contract and the separate work may be had, and the relation of the wiring to the plastering more fully developed.

It is the purpose to inform the trial court that the notice of lien is invalid, and the action cannot be maintained as an action to foreclose the lien, but that the complaint is sufficient to enable the plaintiff to recover a personal judgment against Dodge for the amount due under the contract, and the reasonable value of the extra work, if any, provided it is established by a fair preponderance of evidence that he did not wrongfully abandon the contract. It is further indicated that the defect in the complaint corresponding to that pointed out in Abbott v. Easton, 122 App. Div. 274, 106 N. Y. Supp. 970, does not prevent recovery, for two reasons: First, the defect was cured by amendment on the trial; and, second, the decision of the Appellate Division in Abbott v. Easton was reversed in the Court of Appeals (195 N. Y. 372, 88 N. E. 572).

The judgment in so far as appealed from should be reversed, and a new trial granted, costs to abide the final award of costs.