SCHWARTZ v. KLAR et al.

(Supreme Court, Appellate Division, First Department.   April 7, 1911.)

1. JURY (§ 14*)—RIGHT TO JURY TRIAL.

Where a complaint fatally defective as one to foreclose a mechanic's lien because not alleging whether any other action had been brought to recover any part of the debt contained all the necessary elements of an action for labor, services, and material furnished, so that plaintiff could recover a money judgment, the action became one at law, and it was error to refuse plaintiff's demand for a jury trial.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 14.*]

2. COMPROMISE AND SETTLEMENT (§ 21*)—EFFECT.

Where pending proceedings for foreclosure of a mechanic's lien the parties agreed that the proceedings should be settled upon specified terms, if plaintiff in the mechanic's lien proceeding was obliged to rely upon the agreement of compromise to recover, his remedy upon performance by him of his undertakings thereunder would be to sue upon the agreement, and he could not sue to foreclose the mechanic's lien in equity, and have an action at law within such proceeding to recover on the agreement of compromise.

[Ed. Note.—For other cases, see Compromise and Settlement, Dec. Dig. § 21.*]

Appeal from Special Term, New York County.

Action by Tobias Schwartz against Samuel Klar and others.   Judgment for plaintiff, and defendants appeal.   Reversed, and new trial ordered.

See, also, 127 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Jacob R. Schiff, for appellants.

Louis Scheuer, for respondent.

DOWLING, J.   The complaint herein is one for the foreclosure of a mechanic's lien, and contains allegations of the ownership by defendants Klar of certain premises on First street near Avenue A in the city of New York; of the making of an agreement by them with plaintiff whereby the latter was to perform certain work, labor, and services and furnish certain materials in the alteration of the buildings on said premises at the agreed aggregate price of $3,900, to be paid in installments; of the performance of certain extra work and the furnishing of certain extra materials by plaintiff at the special instance and request of said defendants of the agreed price and reasonable value of $1,724; of due and substantial performance by plaintiff of his contract; of the payment by defendants of $3,250 on account; and of a balance due plaintiff of $2,374.   The judgment demanded was that plaintiff be adjudged to have a valid lien to that amount, that the premises be sold to satisfy same, and that plaintiff have personal judgment against the defendants Klar for any deficiency on such sale.   An answer having been interposed, practically putting in issue all the material allegations of the complaint, a supplemental answer was thereafter served, wherein, as a separate defense, it was averred that, after

the commencement of this action, the parties entered into the following written agreement:

"New York Supreme Court, New York County.

"Tobias Schwartz, Plaintiff, v. Samuel Klar and Barnet Klar, Defendants.

"It is hereby stipulated and agreed that the above-entitled action shall be settled upon the following terms and conditions:

"The plaintiff is to remove at his own cost and expense any and all violations in any of the municipal departments existing this day, or which may hereafter arise as a result of the alteration work which was to be performed by this plaintiff for these defendants upon the premises mentioned in the complaint. The said plaintiff is also to have canceled and discharged at his own cost and expense any and all mechanics' liens which are now on file or which may hereafter be filed against this plaintiff as contractor up to the day of payment to him as hereinafter mentioned. The plaintiff also agrees to place wainscoting around the toilet and on the wall from the hallway inside and the kitchen in three apartments, also wardrobes in three apartments. The defendants agree to pay to the plaintiff the sum of thirteen hundred and twenty-five ($1,325) dollars as follows: Four hundred ($400) dollars at the time of the production to the defendants of notices of dismissal of all violations issued by the proper departments and the balance at the time of the production of cancellations of all mechanics' liens which are now on file or which may hereafter be on file up to the time of such payments.

"The parties hereto further agree to enter into a discontinuance of this action without any costs to either party as against the other, upon receiving the payments as aforesaid.

"Dated, December 24th, 1907.                      Tobias Schwartz, Plaintiff."

The supplemental answer further set up that defendants Klar had complied in all respects with said agreement and had paid plaintiff $360 for the purpose of having discharged of record certain mechanics' liens filed against the property in question, but that plaintiff had failed to comply with the agreement, in that he had not furnished satisfactions of mechanics' liens filed against the property, nor had he procured cancellations of the violations filed by the tenement house and building departments, nor complied therewith, nor had he placed the wainscoting required by the agreement. Replying to this answer, the plaintiff admitted the making of the agreement in question, but denied the allegations of nonperformance of his covenants thereunder; thus, in effect, pleading performance thereof by him.

[1] With the pleadings in this condition, the cause came on for trial. Defendants moved to dismiss the complaint because of the failure to allege therein that no other action or proceeding had been brought to recover the amount of the debt. When that motion was denied, they demanded a jury trial, which was refused. The plaintiff proceeded with his proof, which was directed to the amount agreed upon under the original contract, the value of the extra work, and the payments made on account, showing an apparent balance due of $2,374. He then offered in evidence the stipulation hereinbefore set forth, satisfactions of all the mechanics' liens filed against the property, proof of the receipt of $320 thereupon from defendants in payment of these liens, and of a further payment of $40, making a total payment of $360, on account of the sum fixed by the stipulation, and leaving a balance on the amount thereof of $965. He further proved the doing of the wainscoting called for therein, and the dismissal of the viola-

tions filed by the tenement house department. During the course of the trial, plaintiff's attorney admitted that he was entitled to recover only the balance due under the stipulation, and the only issue really litigated was whether or not plaintiff had complied with the terms thereof.

At the close of plaintiff's case, defendants' counsel again moved to dismiss the complaint on the ground that it then appeared that this was not an action to foreclose a mechanic's lien, that no cause of action of any kind had been established, and that defendants were entitled to a jury trial. These motions were denied. Defendants' proof was directed towards establishing that plaintiff had secured the dismissal of the violations filed. by the tenement house department by filing amendments to the plans for the alteration of the building, without authority from defendants, in the defendants' names and through the act of an architect whom they had never employed, their names having been signed without their knowledge or assent to these amendments whereby the amount of work required to be done by plaintiff was lessened. Defendants' motions were renewed at the close of the whole case, and again denied. The court thereafter made its decision wherein it found the amount due under the original contract to be $3,900 and the amount of the extra work to be $1,724, but made no finding as to the payments made on account thereof. It further found the filing of the lien by plaintiff, of which no proof was offered on the trial, although it was put in issue by the answer; the making of the agreement of compromise; the performance thereof by plaintiff; and a balance due thereon to him by defendants Klar of $965, with interest. The judgment did not decree that any lien existed in favor of plaintiff, nor order a sale of the premises to satisfy the same, but simply adjudged that plaintiff was entitled to recover from the defendants Klar the sum of $965 aforesaid, with interest and costs.

It was held in Abbott v. Easton, 122 App. Div. 274, 106 N. Y. Supp. 970, that the omission to allege in a complaint in an action to foreclose a mechanic's lien whether any other action had been brought at law to recover any part of the debt and if so, whether any part thereof had been collected, was a fatal defect, and that, in the absence of such allegation, no lien could be maintained. Justice Kellogg wrote for the majority of the court in that case, and while Justice Chester dissented from the result reached by his colleagues, holding that, as the complaint stated a good cause of action for goods sold and delivered the plaintiff could recover a money judgment in the action, he concurred in the conclusion that the complaint was insufficient in an action to foreclose the lien. When the Court of Appeals passed upon the case (195 N. Y. 372, 376, 88 N. E. 572), Judge Chase, for the court, said that it was assumed on the argument of the appeal, as well as by the court, that the complaint did not set forth facts sufficient to constitute a cause of action for the enforcement of a mechanic's lien, but that, as it did allege a good cause of action for goods sold and delivered, the plaintiff should have had a money judgment; further, that the right to a trial by jury of the issues in that particular case had been waived by the defendant going to trial in apparent assent

to a trial without a jury, and that it was to be assumed that trial courts would protect the constitutional rights of parties when such question was properly presented for consideration.

The complaint under examination being defective as one to foreclose a mechanic's lien, but containing all the essential elements of a cause of action for work, labor, and services and materials furnished, the plaintiff could still have recovered a money judgment in the action, under the rule laid down in the case cited, which followed in that respect the earlier one of Bradley & Currier Co. v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080. But the action then became one at law, and, defendants having duly demanded a jury trial of the issues, it was error to refuse the same.

[2] Furthermore, not only was the complaint defective as one to foreclose a mechanic's lien, but the proof failed to establish the filing of such a lien, and neither the decision nor the judgment was based upon the theory that it was such an action. On the contrary, both proceeded upon the basis that the action had become changed from one in equity to foreclose a lien to one at law to recover on the agreement of compromise. The judgment was one for a sum of money only, and all idea of recovery upon a lien was abandoned. If plaintiff had performed his obligations and earned his payment in full, he could have recovered all that was due him upon defendants' failure to carry out the compromise agreement. If plaintiff had not performed his original obligations, but was obliged to rely upon the agreement of compromise to recover any sum whatever, then his remedy, upon performance by him of his undertakings thereunder, was to sue upon the agreement for whatever balance was due. He could not have an action at law within an action at equity as he seems to have succeeded in securing by this judgment.

The judgment appealed from should therefore be reversed and a new trial ordered, with costs to appellants to abide the event. All concur.

INGRAHAM, P. J. I fully concur with Mr. Justice DOWLING in his opinion. I wish to add, however, that it seems to me that the execution of this stipulation was of itself a settlement and determination of this action which prevented its continuance for any purpose. The stipulation was set up by supplemental answer as a defense to the action, and its effect was, I think, a final determination of this action and the plaintiff's remedy, if the terms of the stipulation were not complied with, was a new action based upon it.