---

KALT LUMBER CO. v. MORGAN et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. MECHANICS' LIENS (§ 276*)—FORECLOSURE—PLEADING—AMENDMENT.

A complaint asking the foreclosure of a mechanic's lien, and setting forth all the requisite facts, except that no other action has been brought for the recovery of the sum sought to be recovered, may be amended by permission by adding the omitted allegation; this not changing the cause of action, and, even if it did, the court having power to permit it in such case.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 539-545; Dec. Dig. § 276.*]

2. PLEADING (§ 235*)—AMENDMENTS—POWER OF COURT.

The court has inherent power to permit a pleading to be amended, if necessary, in order to do justice between the parties, and such power is also expressly given by Code Civ. Proc. § 723.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 600; Dec. Dig. § 235.*]

3. MECHANICS' LIENS (§ 276*)—FORECLOSURE—PLEADING—AMENDMENT.

Where a notice of lien was filed and the action to foreclose commenced within the time required by the Lien Law (Consol. Laws 1909, c. 33), the court does not, by permitting the complaint to be amended after the time for commencing a new action has expired, by adding an allegation without which foreclosure could not be had, violate the Lien Law by

---

permitting an action to be commenced after the time to do so has expired.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 539–545; Dec. Dig. § 276.*]

4. PLEADING (§§ 34, 229*)—AMENDMENT—LIBERAL RULE.

The present tendency is to construe pleadings liberally, and to permit amendments whenever necessary to enable a party to present a cause of action or defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75, 591; Dec. Dig. §§ 34, 229.*]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by the Kalt Lumber Company against Edwin Morgan, impleaded with others, to foreclose a mechanic's lien. From an order denying leave to amend the complaint, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Maurice B. Rich, of New York City, for appellant.

Gordon S. P. Kleeberg, of New York City, for respondent.

McLAUGHLIN, J. Action to foreclose a mechanic's lien. The judgment demanded is a foreclosure and sale, and appropriate facts are set forth in the complaint necessary to maintain such action, except the omission of an allegation that:

"No other action has been had for the recovery of the said sum of money or any part thereof."

The omission of such allegation made the complaint demurrable, in so far as it was sought to foreclose the lien. Schwartz v. Klar, 144 App. Div. 37, 128 N. Y. Supp. 830. When the case came on for trial, the defendant moved to dismiss the complaint, upon the ground that, owing to the omission of the words quoted, it did not state a cause of action in equity triable at Special Term. The trial court thereupon sent the matter to the Special Term, for the purpose of determining whether or not it would permit an amendment. Subsequently an application was made at Special Term to so amend. The motion was denied, and plaintiff appeals.

[1] The application to amend was denied upon the ground, as appears from the opinion of the learned justice sitting at Special Term, that to permit the amendment would be to change a cause of action at law to one in equity, and also in violation of the Lien Law, by permitting the commencement of an action to foreclose a lien after the expiration of the time therein specified. The complaint shows, without the amendment, the purpose of the action. The allegation sought to be added is made material by a rule of pleading. Its truth is not disputed, nor is the claim that there are no subsequent lienors or other parties whose equities will be affected, unless it be the defendant, by permitting the collection of a debt out of specific property. It is perfectly obvious that the omission of such an allegation was not by design, but either an error as to what a complaint for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

foreclosure of a lien had to contain, or by oversight. This follows. from the other allegations, which would be inappropriate if a money judgment only were sought.

[2] The court has inherent power to permit a pleading to be amended, if it be necessary in order to do justice between the par-- ties to the action, and it is expressly given power for that purpose by section 723 of the Code of Civil Procedure, which provides that::

"The court may, upon the trial or at any other stage of the action before- or after judgment, in furtherance of justice, and on such terms as it deems just, amend any * * * pleading * * * by inserting an allegation material to the case."

The amendment, strictly speaking, does not change the cause of action. Whether prosecuted in equity for the foreclosure of a lien,. or at law for the recovery of a sum of money only, the cause of action is to recover the purchase price of lumber sold and delivered.. The remedy is different. In one case, if plaintiff obtains a judgment,. he enforces collection by selling specific property, and in the other by selling any property of the defendant. But, even if the amend- ment did change the cause of action, the court, under the facts here presented, had the power to permit it. Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81; Dunham v. Hastings Pavement Co., 109 App. Div. 514, 96 N. Y. Supp. 313; Truman v. Lester, 71 App. Div. 612, 75 N. Y. Supp. 548.

[3, 4] Nor would the amendment violate any provision of the Lien Law, by permitting an action to be commenced to foreclose a lien after the time to do so had expired. The action was commenced within the time provided. The notice of lien is made a part of the complaint, and the allegation is that such notice was filed in the clerk's office in the county of New York within 90 days after the delivery of the lumber. The judgment demanded is that the lien be foreclosed. The present tendency is to construe pleadings liberally, and permit amendments whenever necessary in order to enable a party to present at the trial his alleged cause of action or defense.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, on payment of $10 costs of opposing motion and a trial fee of $30.

INGRAHAM, P. J., and CLARKE, and DOWLING, JJ., concur. SCOTT, J., dissents.