[Civil No. 1593.   Filed February 1, 1919.]

· [178 Pac. 25.]

## O. J. COTEY, Appellant, v. COUNTY OF GREENLEE, Appellee.

1. WORK AND LABOR—IMPLIED CONTRACT—RECOVERY OF REASONABLE VALUE OF CONSTRUCTION WORK, MATERIAL, ETC.—Before plaintiff can recover from defendant county· reasonable value of road construction work done, of material furnished, and other valuable services rendered, it must appear valid contract was made, that service was performed and material furnished pursuant to it, and that contract relation ceased before its terms were fully performed, and without plaintiff's fault.

2. WORK AND LABOR—FAILURE IN PERFORMANCE—RECOVERY IN QUANTUM MERUIT.—Plaintiff could not recover from defendant county in *quantum meruit* reasonable value of road construction work done by him, etc., where he had special contract with county covering the work, and admitted that he failed to perform it fully.

[As to *quantum meruit* on substantial performance of building contract, see note in 134 Am. St. Rep. 693–696.]

APPEAL from a judgment of the Superior Court of the county of Greenlee.   A. G. McAlister, Judge.   Affirmed.

### STATEMENT OF FACTS BY THE COURT.

This action was commenced by the appellant to recover on a road construction contract entered into between plaintiff and defendant county on the sixth day of April, 1914.   On the original trial the plaintiff had judgment, and defendant county appealed to this court.   A hearing on said appeal resulted in a decision reversing said judgment and remanding said cause, with instructions to the lower court to sustain the general demurrer of defendant, and with the suggestion that plaintiff be allowed to amend his complaint, if he could do so, so as to set forth a cause of action.   The original complaint is set forth in *Greenlee County* v. *Cotey*, 17 Ariz. 542, 155 Pac. 302.   The plaintiff filed his amended complaint in two sections, or counts, on or about the twenty-fourth day of May, 1916.

The first statement, or count, varied but little in substance from the original complaint, and upon demurrer was excluded by the court.   The second statement, or count, sets

forth the claim of the plaintiff of a right to recover $5,708.48 as the reasonable value of work and labor performed and material furnished by the plaintiff to the defendant county at the special instance and request of the defendant county between the first of May, 1914, and the tenth day of July, 1914. The plaintiff alleges that he made demand for payment on the eighth day of August, 1914, and defendant's board of supervisors rejected and disallowed his claim. A copy of the said demand so presented and disallowed is annexed to the said complaint.

The defendant county denied liability, set forth the special contract under which the plaintiff performed work and labor and furnished material, and alleged that plaintiff abandoned the contract before its completion. The court heard evidence and rendered judgment for the county, from which judgment the plaintiff appeals.

Mr. L. Kearney and Mr. A. R. Lynch, for Appellant.

Mr. E. V. Horton, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above). The plaintiff, in his so-called second count, does not refer to the special contract under the terms of which he was acting while constructing the Metcalf road. The exhibit annexed to and made a part of said pleading purports, on its face, to claim the benefits of the contract, both as to the contract price, the extra work done pursuant to the terms of the contract, and the unearned profits on the work "not completed because of rescission of contract by said county by refusal to make payments required." The statement presented amounts to nothing unless it has reference solely to the special contract. Hence the plaintiff's efforts to set forth a cause of action to recover the reasonable value of work and material furnished is finally made to depend upon the special contract of April 6, 1914. This is as it should be. The undisputed facts are that the plaintiff had no request to serve the county, other than through the channel of said contract. He is bound to rely upon the relation thus established, to have any standing in court. Before he can recover reasonable value of the work done, the material furnished, and other valuable service rendered the county, the facts must appear

that a valid contract was entered into, that the beneficial service was performed and the material furnished pursuant to the terms of said contract, that the contract relation ceased before its terms were fully performed, and that the plaintiff was not at fault in terminating said contract relation.

We have held, in *Greenlee County* v. *Cotey*, 17 Ariz. 542, 155 Pac. 302, and that holding is the law of this case, that the county's failure to estimate the value of the construction finished during the month of June, 1914, was no breach of the special contract. In the evidence, a broad discussion is indulged in. This discussion covers the pleadings, both remaining in the case and those excluded. The reasonable value of the work performed and of the material furnished escape without notice. The contract terms, only, are considered in the evidence.

I am of the opinion that the appellant's cause of action in *quantum meruit* was met by the defense of a special contract and the failure of performance of such contract by the plaintiff. The facts abundantly support the conclusion reached by the trial court, viz., that the plaintiff take nothing.

The other questions raised on this appeal are not controlling, but are subordinate to the question of breach of the contract. The plaintiff cannot recover, either on the contract or for the reasonable value of the work done and material furnished, when he has admitted that he has not performed the contract, unless he can show that substantial performance was prevented by Greenlee county, or by some cause recognized as superior to human endeavor. The plaintiff has failed to show any legal excuse for abandoning his special contract, and therefore has failed to establish any right to recover for the reasonable value of labor performed, material furnished, etc., claimed in the second count of his complaint.

The judgment is affirmed.

ROSS and BAKER, JJ., concur.