[Civil No. 3024. Filed April 1, 1931.]

[297 Pac. 449.]

F. L. ZIMMERMAN and MARGARET ZIMMERMAN, Appellants, v. WESTERN BUILDERS AND SALVAGE COMPANY, a Corporation, Appellee.

Mr. F. L. Zimmerman and Mr. M. C. Burk, for Appellants.

No appearance in the Supreme Court for Appellee.

LOCKWOOD, J.—On the twenty-first day of December, 1929, F. L. Zimmerman brought suit against David Rubeinstein and Western Builders & Salvage Company, a corporation, which latter we shall hereinafter call the company, for damages for the breach of an oral contract by the terms of which the company had agreed to remodel Zimmerman's residence, located at 22 West Moreland Street, Phoenix, Arizona. This action, which we shall hereinafter call the damage suit, was No. 31364–B in the lower court. Thereafter, and on the first day of March, 1930, the company brought the present action against Zimmerman and his wife for an alleged balance due as the result of the contract referred to in suit No. 31364–B, and to foreclose a mechanic's and materialman's lien against the property in question. This action, which we shall hereafter call the foreclosure suit, was No. 31748–B in the lower court. During the pendency of the two suits in the lower court, the following proceedings were had:

The company on motion of Zimmerman gave a bond for security for costs in the foreclosure suit in the sum of $200, and moved to consolidate the damage suit with the foreclosure suit, which motion was denied. Thereafter the company filed an amended answer and cross-complaint in the damage suit, praying for substantially the same relief as it asked in the foreclosure suit. To this cross-complaint Zimmerman filed a plea in abatement, and the court ordered that the plea would be sustained if the company did not dismiss its foreclosure suit. Thereafter the company elected to dismiss the foreclosure suit, and to stand on its cross-complaint in the damage suit, and an order of dismissal was duly made by the court.

A few days thereafter the trial court, both parties being represented by counsel, reinstated the fore-

closure suit and sustained the plea in abatement in the damage suit. Thereafter Zimmerman interposed a plea in bar and to the jurisdiction in the present action on the ground that the court, having dismissed it, had no right to reinstate it, for reasons which we shall hereinafter discuss. This plea was overruled.

The company then asked leave to try the damage suit with the foreclosure suit, which motion was again denied by the trial court. On June 13th, 1930, the two cases were heard separately by the court. No judgment was rendered at that time, but the court later filed a written opinion, discussing both cases together, and on July 14th an order for judgment was made in each case. The minute entry thereof reads as follows:

"F. L. Zimmerman moves for Judgment upon the opinion filed herein. Thereupon it is ordered for Judgment for the Plaintiffs in the respective causes in accordance with the amended decision filed herein upon July ——, 1930. It is further ordered for foreclosure of lien and for 20 days stay of execution as prayed in each cause."

A formal written judgment in the damage suit was filed July 22, 1930, and one in the foreclosure suit was filed August 4th. Both of these judgments were dated as of the 14th of July. Apparently, however, the trial court intended to render judgment in the damage suit first, for in such judgment no reference whatever is made to the foreclosure suit, while in the judgment in the latter case, the following language appears:

"It is further ordered and decreed, that in view of the fact that this court did, on the 14th day of July, 1930, in Cause No. 31364-B, in which the defendant F. L. Zimmerman was plaintiff, and the plaintiff herein was defendant, render judgment in favor of said F. Louis Zimmerman in the sum of $880.00 and interest from November 5th, 1929, plus his costs,

against the plaintiff herein, the said F. L. Zimmerman, defendant herein, is hereby allowed and permitted to off-set as against the judgment herein, his judgment in Cause No. 31364–B amounting to $880.00 together with accumulated interest and costs, by satisfying said judgment in Cause No. 31364–B, and by payment to Western Builders and Salvage Company, a corporation, plaintiff herein, the difference with interest at six per cent. from July 1st, 1929, plus costs, whereupon judgment in this Cause shall be satisfied of record.''

No appeal has ever been taken from the judgment in the damage suit, but after the usual motion for a new trial was made and overruled, Zimmerman, whom we shall hereafter call appellant, has brought the judgment in the foreclosure suit before us for review.

It is first urged by appellant that since the company had elected to dismiss this action and stand upon its cross-complaint, the trial court lost jurisdiction and was without any right to reinstate the present action. We are of the opinion this contention is not well founded. It is the general rule of law that it is discretionary with the trial court to reinstate an action previously dismissed, and that such reinstatement will not be set aside except for an abuse of discretion. *Allbin* v. *City of Seattle*, 98 Wash. 275, 167 Pac. 922; *Anderson* v. *Shields*, 51 Wash. 463, 99 Pac. 24; *Cowokochee* v. *Chapman*, 67 Okl. 263, 171 Pac. 50. We find no such abuse shown by the record in this case.

This also disposes of the second proposition of law raised by appellant, to the effect that the mechanic's lien had been filed more than six months before the action was reinstated, and that therefore under the statute no action could be predicated thereon. When an action is reinstated, so far as the general statute of limitations is concerned, its effect is determined by the date the action was originally filed, and not by

the date of reinstatement. *Cotton* v. *Lyter,* 81 Tex. 10, 16 S. W. 553. We are of the opinion that the same rule applies to mechanics' liens, and that since the original action was filed within the statutory period, the lien was not lost through the dismissal and reinstatement.

· It is next argued that the court was without jurisdiction to reinstate the action because such reinstatement did not restore the bond for security for costs previously given, and that appellant was prejudiced thereby. The statute allowing security for costs does not fix any time within which the application shall be made, although it does specify the time in which such applications shall be answered. Nor does it limit the number of applications to one. Section 3790, Rev. Code 1928. We are of the opinion that since the security for costs had failed through no fault of appellant, upon reinstatement of the action he could have made a second application therefor. Such being the case, he was not prejudiced by the fact that the original bond for costs was not revived.

The next contention of appellant is based on the theory that the judgment in the damage suit was *res adjudicata* against the company on the points which it was necessary for it to establish in order to recover in the foreclosure action. It is, of course, the rule in Arizona that every right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground for recovery cannot be disputed in a subsequent suit between the same parties and their privies, and even if the second suit is for a different cause of action the right, question, or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first suit remains unmodified. *Stevens* v. *Wadleigh,* 6 Ariz. 351, 57 Pac. 622. The record appar-

ently shows that the judgment in the damage suit was rendered prior to that in the foreclosure suit. Such being the case, all rights, questions, and facts necessarily determined in the judgment in the damage suit are conclusive on parties to the foreclosure suit. On examining the pleadings and the judgment of the trial court, we are of the opinion the judgment in such damage suit settled conclusively, among other things, the following facts:

(a) That the company agreed to alter and remodel the house on the premises covered by the mechanic's lien in question at the actual cost of labor and materials, plus 10 per cent *to the complete satisfaction of the plaintiff*. (b) That it was agreed the work should be finished by the 1st of June. (c) That on the 10th of June the company informed appellant that the work was finished, but that as a matter of fact in many respects it had been done improperly, negligently, and carelessly, and in a manner unsatisfactory to appellant. (d) That the company was notified the work was not properly done, and admitted such to be the case, and agreed to remedy it to the satisfaction of appellant, but that it wholly neglected and failed to do so, and notwithstanding such failure filed a mechanic's lien for a balance which it claimed to be due to it under the contract in the amount of $1,355.47. (e) That by reason of the failure of the company to complete its contract according to the terms thereof appellant was damaged in the sum of $880. In deciding, therefore, whether judgment was properly rendered in the foreclosure suit, we must assume the foregoing facts as conclusively determined between the parties. What, if anything, is their effect?

It is obvious that the company did not carry out the terms of the contract. It agreed to perform certain work to the satisfaction of appellant; it failed to do so through its own carelessness and negligence, and

such failure was a substantial and not merely a trivial one, amounting in fact to nearly 25 per cent of the value of the work done. Although offered an opportunity to correct its failure, it wholly neglected and failed to do so. Its only remedy, if indeed it had one, was to sue on a *quantum meruit*. But, it is urged, in order to recover on a *quantum meruit* for work done and material furnished as the result of a contract, where the contract itself has been breached, the plaintiff must show (a) that the work or material furnished was of the value claimed over and above the damages resulting from the noncompliance of the contract, and (b) that there was a sufficient excuse for not fully completing or complying with the contract. This was specifically held by this court in the case of *Cotey* v. *County of Greenlee,* 20 Ariz. 150, 178 Pac. 25, wherein the court said:

"The undisputed facts are that the plaintiff had no request to serve the county, other than through the channel of said contract. He is bound to rely upon the relation thus established, to have any standing in court. Before he can recover reasonable value of the work done, the material furnished, and other valuable service rendered the county, the facts must appear that a valid contract was entered into, that the beneficial service was performed and the material furnished pursuant to the terms of said contract, that the contract relation ceased before its terms were fully performed, *and that the plaintiff was not at fault in terminating said contract relation.* . . .

"The plaintiff cannot recover, either on the contract or for the reasonable value of the work done and material furnished, when he has admitted that he has not performed the contract, unless he can show that substantial performance was prevented by Greenlee county, or by some cause recognized as superior to human endeavor. The plaintiff has failed to show any legal excuse for abandoning his special contract, and therefore has failed to establish any right to recover for the reasonable value of labor

performed, material furnished, etc., claimed in the second count of his complaint." (Italics ours.)

This seems to be the general rule. *Maxwell & Delehomme* v. *Moore,* 163 Ala. 490, 50 South. 882; *Jones* v. *Dodge,* 137 App. Div. 853, 122 N. Y. Supp. 815. It is *res adjudicata* from the judgment in the damage suit that plaintiff in the foreclosure suit had failed to perform its contract in substantial particulars, and that such failure was without reasonable excuse. It is therefore precluded from recovering either on the contract or on a *quantum meruit.*

If plaintiff cannot recover for the amount which it claims is due it, the lien, which is merely security for such amount, necessarily falls also. The judgment of the superior court of Maricopa county is reversed, and the case remanded with instructions to enter judgment for appellant.

McALISTER, C. J., and ROSS, J., concur.