NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEMETRA L. WALKER,
*Plaintiff/Appellant*,

v.

RAMOUN D. JONES, et al.,
*Defendants/Appellees*.

Nos. 1 CA-CV 20-0359
1 CA-CV 20-0702
(Consolidated)
FILED 9-28-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-011613
The Honorable Sherry K. Stephens, Judge *Retired*

**AFFIRMED**

COUNSEL

Demetra L. Walker, Phoenix
*Plaintiff/Appellant*

Kent & Wittekind, PC, Phoenix
By Richard A. Kent, James A. Frisbie
*Co-Counsel for Defendants/Appellees Jones, Turley, Hesketh and Hollister*

Jones Skelton Hochuli, PLC, Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Defendants/Appellees Jones, Turley, Hesketh and Hollister*

Renaud Cook Drury Mesaros, PA, Phoenix
By William W. Drury Jr., Jeffrey S. Hunter, Charles S. Hover, III
*Counsel for Defendants/Appellees The Pain Center Alliance, LLC, Alliance Healthcare Services, Inc., Arizona Surgical Specialists Center-West Phoenix, LLC, Rymal, Starchman and McLaughlin*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1        Demetra Walker appeals from the superior court's order dismissing her amended complaint. We affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2        After undergoing back surgery on October 3, 2016, Walker suffered burns to her back and facial bruises. On October 2, 2018, Walker sued anesthesiologists Dr. Ramoun Jones and Dr. Todd Turley for her injuries, along with The Pain Center of Arizona and Arizona Surgical Specialists Center-West Phoenix. On October 29, 2019, Walker filed her first amended complaint naming five nurses and their employers as defendants, including Susan Hesketh, Fallon Lynn Rymal Adamczyk, Ramond Serriow Starchman and Courtney Marie McLaughlin (collectively, the "Nurse Defendants").

¶3        The superior court dismissed the claims against Drs. Jones and Turley and declined to reinstate them because Walker did not meet the preliminary expert affidavit requirement of A.R.S. § 12-2603. The court later dismissed the claims against the Nurse Defendants as untimely under the two-year statute of limitations, concluding that Walker had not alleged facts in the amended complaint that related back to the original complaint. Walker appealed and we have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

---

[1]        On appeal from a motion to dismiss, "we assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

## DISCUSSION

### I. Drs. Jones and Turley

¶4         Walker contends the superior court should have reinstated Drs. Jones and Turley as defendants because she later introduced an "anesthesiologist affidavit." We review an order granting or denying a motion for reinstatement for an abuse of discretion, *Zimmerman v. W. Builders' & Salvage Co.*, 38 Ariz. 91, 95 (1931), and affirm the ruling if "legally correct for any reason," *Gila River Indian Cmty. v. Dep't of Child Safety*, 242 Ariz. 277, 283, ¶ 26 (2017) (quoting *State v. Perez*, 141 Ariz. 459, 464 (1984)).

¶5         A medical malpractice claimant must serve a preliminary expert opinion affidavit on defendants when serving initial disclosures. A.R.S. § 12-2603(B). The affidavit must state how the healthcare provider injured the claimant by deviating from the applicable standard of care. *Id.* A medical malpractice claim will be dismissed if the claimant does not file the affidavit within a reasonable time. A.R.S. § 12-2603(F); *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 164, ¶ 22 (2017).

¶6         The superior court did not abuse its discretion. Walker filed an "anesthesiologist affidavit" from Dr. Ajay Mathur in December 2019, representing her second attempt to meet the requirements of A.R.S. § 12-2603. But the affidavit was inadequate. Though stating that Dr. Mathur was "the Expert in this action" and submitted the affidavit to "offer an opinion to establish the breach of such care or liability," the affidavit never mentioned a standard of care, how Jones and Turley deviated from the standard or how they caused Walker's injuries. The superior court did not abuse its discretion because the affidavit did not comply with A.R.S. § 12-2603.

### II. The Nurse Defendants

¶7         Walker also challenges the court's dismissal of her amended complaint against the Nurse Defendants on statute of limitations grounds, which we review de novo. *Dube v. Likins*, 216 Ariz. 406, 411, ¶ 5 (App. 2007). Walker shows no error. The superior court properly dismissed Walker's claims against the Nurse Defendants because she filed the amended complaint over three years after the surgery.

¶8         Walker argues the Nurse Defendants waived the statute of limitations defense because they moved to strike her first amended complaint before they moved to dismiss the complaint. She relies on Arizona Rule of Civil Procedure 8(c)(6). But a motion to strike is not a

pleading. *See* Ariz. R. Civ. P. 12(f) (allowing motions to strike "before responding to the pleading"). So, the Nurse Defendants did not waive their statute of limitations defense. *See* Ariz. R. Civ. P. 8(d) (waiving affirmative defenses not raised in a pleading).

¶9 Walker also contends the motions to dismiss of the Nurse Defendants were procedurally improper because defense counsel violated the rule governing attorney appearances under Arizona Rule of Civil Procedure 5.3. Not so. The record shows that defense counsel complied with Rule 5.3, which permits an attorney to "appear as attorney of record by filing a document—including a notice of appearance, complaint, answer, motion to quash, notice of association of counsel, or notice of substitution of counsel—that identifies the attorney as the attorney of record for a party."

¶10 And last, Walker argues that defense counsel filed "an improper strike motion in lieu of a proper motion of reconsideration or notice of appeal." Walker fails to develop or support this argument, waiving it on appeal. *Sholes v. Fernando*, 228 Ariz. 455, 461, ¶ 16 (App. 2011).

**CONCLUSION**

¶11 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4