[Civil No. 1581.    Filed March 30, 1918.]

[171 Pac. 997.]

EDITH SANBERG JACKSON, Appellant, v. LEBANON
RESERVOIR & DITCH COMPANY, a Corporation, et
al., Appellees.

1. APPEARANCE—AFTER JUDGMENT—JURISDICTION OF PERSON.—Although
one was made plaintiff without her knowledge in an action to fix
rights to water, the court obtained jurisdiction of her, where she
appeared and answered a citation on motion to modify the decree.

[As to test whether appearance is general or special, see note in
Ann. Cas. 1914A, 1189.]

2. APPEAL AND ERROR — EFFECT OF APPEAL — JURISDICTION OF TRIAL
COURT.—Where the court expressly retained jurisdiction of a matter
involving water rights, an appeal from the decree did not prevent
the hearing of a motion to modify such decree.

3. APPEAL AND ERROR—NECESSITY FOR BOND.—Under Civil Code of 1913,
paragraph 1233, providing that appeals from orders other than final
judgments may be taken within 60 days, and paragraph 1236, pro-
viding that appellant shall, within the time for appealing, file an
appeal bond, an appeal from an order modifying a decree will be
dismissed, where a bond was not filed within 60 days.

APPEAL from a judgment of the Superior Court of the
county of Graham. A. G. McAlister, Judge. Appeal dis-
missed.

STATEMENT OF FACTS BY THE COURT.

This action was commenced during the spring of the year
1915 by the appellees and the appellant, as plaintiffs, owners
of irrigable agricultural lands in Graham county, against
George N. Campbell and other named defendants, therein
seeking to adjudicate and finally settle the priority rights of
all of the parties to the action to the waters of a stream known

as Merejildo Wash. The complaint sets forth the priority claims of the parties, the extent of the appropriations made, the acreage of each party irrigated from said stream, the connection the corporation sustains to the landholders, and its service to them, and alleges that the defendants named have wrongfully interfered with the rights of the plaintiffs in the water in question in the main action. The relief demanded is a restraining order prohibiting the defendants from diverting any of the waters of the said wash from the plaintiffs' ditches, and from interfering with the flow of water through plaintiffs' system of irrigation; that the court adjudicate the respective rights and priorities of the plaintiffs and defendants as against one another to the use of the waters of Merejildo Wash; for a perpetual injunction; and for general relief.

The cause was tried on the twelfth day of July, 1915, and the trial resulted in a decree determining the respective rights of the parties, granting the injunctive relief prayed for. The decree was entered on the 11th day of April, 1916. The following language was used in the decree:

" . . . And that each of the parties hereto have pursued and is pursuing the reduction thereof [lands] to cultivation by irrigation with all reasonable diligence, and that as against one another each of the said parties has the right to divert and use, on his said tracts of land, water from and of the natural flow of the said Merejildo Wash, in the order of priority and dating from the date as set forth in the said schedule, for the irrigation and cultivation of the amount of said lands shown in said schedule, or so much thereof as may at any time be under cultivation and irrigation, diverting to and applying therein, however, only such limited amount of water as may actually be necessary, economically and carefully used, for the purpose of cultivation thereof such crops as may be cultivated thereon from time to time."

Then follows the schedule, showing that Edith Sanberg is the second in the list, cultivating and irrigating 32 acres from the year 1894. The decree expressly retains jurisdiction over the cause "for the purpose of executing this decree, or for the purpose of modifying the same from time to time, if upon application facts are shown justifying such modification. . . ."

The defendants in the action gave notice of appeal on September 14, 1916. An appeal bond was approved and filed

October 10, 1916. The appeal was never prosecuted in this court. On September 20, 1916, the plaintiffs in the main action moved for an amendment of the decree in the particular of defining and prescribing the manner of distributing the water to the several land owners entitled thereto, to the end of carrying out the decree according to the spirit of its terms and to promote justice. The motion filed complains of the acts of Edith Sanberg in taking water greater in amount than allowed her by said decree, and alleges:

" . . . That since the time the said decree was entered the said plaintiff [Sanberg] has persistently and continually claimed more water than the amount to which she was entitled, . . . has gone upon the plaintiff's ditches and cut the same, has taken water at times sufficient to water 60 acres, and persistently and continually is acting in such manner as to annoy the remaining plaintiffs and interfere with the distribution of water upon their land."

The relief demanded is a modification of the decree, "so that it shall be made definite and certain [as] to the number of days during each month or week that the said Edith Sanberg (now Edith Sanberg Jackson) has the right to said water," and for an injunction restraining said party from interfering with the use of the water by the other parties, and praying for a citation requiring said party to show cause why said decree should not be so modified.

On October 16, 1916, Edith Sanberg Jackson appeared and demurred to the facts set forth in the petition for citation, alleging that the application sets forth facts inconsistent with the pleadings in the main case; that the respondent is named a party plaintiff in the main cause, and in this proceeding she is made a party defendant; that the law provides no such form of procedure as here instituted; that the relief sought herein is a departure from the relief sought in the original action; that the original case is pending on appeal in the supreme court, by reason of which fact the lower court is without jurisdiction to grant the relief prayed. Answering the petition, the respondent denies that she was a party to the original action of her knowledge or by her consent, but alleges that her name was joined as a party in said action without her knowledge or consent, and that she received the first actual notice that she was a party to said suit when the citation for modification of the decree was served upon her.

The court overruled the respondent's objections to the proceeding and motion and proceeded to hear evidence offered by the parties. The evidence considered, the court ordered that the motion be granted, and that the decree be modified "in this respect, namely: The amount of water decreed in the original decree to the respondent and to stockholders of the Lebanon Reservoir & Ditch Company shall be distributed until the further order of this court in this manner, to wit: Respondent Edith Sanberg Jackson shall have the use of the water of said canyon during the first four days of each and every month, and also on the thirteenth day of each month and the twenty-second day of each month, each term to begin at midnight and end at midnight. . The remaining plaintiffs and stockholders of the Lebanon Reservoir & Ditch Company shall be entitled to the use of said water during the remaining days of each and every month."

This order was made November 21, 1916, and entered December 6, 1916. This appeal is from the order made on November 21, 1916, as specified in the notice of appeal on the eleventh day of January, 1917. On March 3, 1917, the respondent filed her appeal bond.

Mr. E. L. Spriggs, for Appellant.

Mr. W. R. Chambers, for Appellees.

CUNNINGHAM, J. (After Stating the Facts as Above).— The contention of the appellant that she was without knowledge of her status as a party plaintiff in the main case is without merit. The citation issued brought her before the court, and gave the court jurisdiction over her with equal effect to that of service of summons. By appearing and answering the citation, she submitted her person and her rights involved in that action to the jurisdiction of the court. By her answer she does not attempt to dispute the facts charged against her in the petition and citation. The whole controversy raised by her in answer to the citation consists of the assertion that she was never legally brought before the court prior to the time of making return to the citation. The trial court decided otherwise, and properly. Becoming satisfied from the evidence that the facts stated in the application are true, and not being denied by respondent, the court made the order complained of, modifying the decree. The appellant

has not pointed out wherein her rights have been prejudiced by the order. The order overruling the demurrer, the order denying a new trial, and the order modifying the original decree are assigned as error.

The appellant relies upon the taking of an appeal by the defendants in the original case as an act depriving the trial court of jurisdiction to make the order modifying the decree. The contention seems to be that, after said defendants gave notice of appeal from the principal decree, the trial court lost all power over the decree to modify its terms. The decree was made April 11, 1916, and the appeal was perfected by giving notice of appeal on the fourteenth day of September, 1916, and by filing an appeal bond on October 10, 1916. The application for a citation to this respondent was filed September 20, 1916, before the said appeal was perfected. The said appeal as perfected did not have the effect of superseding the decree; hence the trial court did not lose jurisdiction over the same, either by operation of law, by act of the parties appealing, nor in fact, as the court expressly retained jurisdiction of the matter upon the face of the decree, for the purpose of enforcing the equities of the parties.

The appeal in this case is from a final order affecting a substantial right of the appellant, made upon a summary application in an action after judgment, and in order to become effective the appeal must have been perfected within 60 days after the said order was made. Paragraph 1233, Civil Code of Arizona, 1913. The order was made November 21, 1916. Notice of appeal was given on the eleventh day of January, 1917, and the bond on appeal was not filed until the third day of March, 1917, a period of 100 days after the order was made. In order to effect an appeal "the party appealing shall also, within the time in which the appeal may be taken, file an appeal bond, or undertaking. . . ." Paragraph 1236, Civil Code of Arizona, 1913. The filing of an appeal bond in cases where a bond of appeal is required is jurisdictional. *Thomas* v. *Speese,* 14 Ariz. 556, 132 Pac. 1137.

The appellees contend that, because the appellant has failed to perfect her appeal by filing an appeal bond within 60 days, as shown by the record, the appeal must be dismissed. That contention must be sustained.

FRANKLIN, C. J., and ROSS, J., concur.