[Civil No. 2419.   Filed October 17, 1925.]

[239 Pac. 1032.]

PETER CONDOS, E. D. BROWN and F. W. BROWN, Relators, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA, and M. T. PHELPS, Judge of Division No. 1 of the Said Superior Court of the State of Arizona, in and for the County of Maricopa, Respondents.

1. CRIMINAL LAW—JUDGMENT OR ORDER MAY BE SET ASIDE, VACATED OR MODIFIED DURING TERM AT WHICH RENDERED.—Common-law rule that, except where constitutional provision against former jeopardy forbids, all judgments, decrees or other orders of court, however conclusive, are in its control, and may be set aside, vacated or modified during term at which rendered, subject only to limitation in Civil Code of 1913, paragraph 600, that action be taken within six months, applies to criminal prosecutions.

2. CRIMINAL LAW—VACATION OF ORDER DISMISSING ACTION ON APPEAL TO SUPERIOR COURT DOES NOT CREATE DOUBLE JEOPARDY.—As criminal cause is tried *de novo* on appeal to superior court, latter's vacation of order dismissing action does not create double jeopardy, nor does dismissal of any misdemeanor charge bar even another prosecution for same offense, except by virtue of statute (Pen. Code 1913, § 1279).

3. CRIMINAL LAW—TRIAL JUDGE MAY VACATE ORDER DISMISSING CRIMINAL PROCEEDING THROUGH FRAUD, EXCUSABLE NEGLECT OR MISTAKE.—Penal Code of 1913, section 1279, does not forbid vacation of order dismissing criminal proceeding through fraud, excusable neglect or mistake.

4. MUNICIPAL CORPORATIONS—ORDER DISMISSING CASE UNDER MISTAKEN BELIEF THAT CONVICTION APPEALED FROM WAS IN JUSTICE COURT FOR VIOLATION OF STATE STATUTE INSTEAD OF POLICE COURT FOR VIOLATION OF CITY ORDINANCE HELD PROPERLY VACATED.—Where deputy county attorney, believing that charge of keeping disorderly house was made under state statute and that case had been appealed from justice court to superior court, in which it is county attorney's duty to conduct prosecutions for state under Civil Code of 1913, paragraph 2528, moved to dismiss under Penal Code of 1913, section 1277, because of insufficient evidence, before

1.  See 15 R. C. L. 690.

being informed by city attorney that conviction was in police court for violation of city ordinance, superior court properly vacated order of dismissal and reinstated case on city attorney's motion.

See (1) 16 C. J., p. 1324 (Anno.).   (2) 16 C. J., pp. 248 (Ann.), 376.   (3) 16 C. J., p. 1334 (Anno.).   (4) 28 Cyc., p. 830 (Anno.).

Original proceeding for Writ of Prohibition. Alternative writ granted. On hearing to determine whether writ should be made permanent. Writ quashed.

Mr. Leo Alldredge and Mr. John W. Pruitt, for Relators.

Mr. M. J. Dougherty, for Respondents.

. LOCKWOOD, J.—On the 2d of March, 1925, a complaint was filed against one Peter Condos in the police court of the town of Mesa, charging him with the offense of keeping a disorderly house, contrary to the ordinance of the town. A warrant was duly issued for his arrest, and he was tried in the police court on the eleventh day of March. He was found guilty as charged, and on the twelfth day of March was sentenced to pay a fine of $290 and to serve ten days in the town jail. An appeal was duly taken to the superior court, and an appeal bond in the sum of $300 signed by Condos, E. D. Brown and F. W. Brown was executed and filed with the transcript. Thereafter, on the 25th of April, Charles A. Carson, Jr., deputy county attorney of Maricopa county, and Honorable John W. Pruitt, attorney for Condos, appeared in the superior court, and, upon the motion of the deputy county attorney, the court ordered the action dismissed on account of insufficient evidence, and the bond exonerated. Shortly after the order of dismissal was entered, M. J. Dougherty, the city attorney of Mesa, informed the county attorney's office

that the conviction was one for violation of the city ordinance and not of the statute.

It has been the custom for many years for all appeals from the police courts of the various cities in Maricopa county to be handled by the different city attorneys; the county attorney's office taking no charge thereof. For this reason the county attorney of Maricopa county appeared before the superior court on the fourth day of May, in company with the city attorney of Mesa, and explained the circumstances to the judge who had dismissed the action, whereupon, on the motion of the city attorney, the order dismissing the case was revoked, and it was reinstated. Thereafter the matter was set down for trial in the superior court, over the objections of the attorney for Condos; he claiming the court had lost jurisdiction. Condos and the Browns thereupon filed a petition for a writ of prohibition against the superior court proceeding with the trial, the alternative writ was issued, and the matter is now before us.

There is but one question of law for us to consider: Did the superior court have the right to vacate its order dismissing the action? If it did, the writ of prohibition must be denied; if it did not, it should be made permanent. Condos' position is that he was charged with a misdemeanor, and that, the same having been dismissed upon the application of the county attorney, such dismissal was a bar to any other prosecution for the same offense. He cites, as sustaining his position, sections 1277 and 1279, Penal Code of 1913, which read as follows:

"1277. The court may, either of its own motion or upon the application of the county attorney, and in furtherance of justice, order an action or an indictment or information to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. . . .

"1279. An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

The position of respondent, on the other hand, is that the particular charge against Condos was not an offense which the county attorney's office is in the habit of handling, but the same, according to the custom of the court, was in charge of the authorities of the town of Mesa, and therefore the order of dismissal was made under a misunderstanding as to the facts, and that, the true situation being called to the attention of the court, it very properly vacated the order of dismissal.

Without determining whether or not Condos was charged with a misdemeanor, it is apparent from the showing made before us that the case was dismissed under a mistake of fact. The deputy county attorney received the impression that the charge was made under the state statute and that the case had been appealed from the justice court of Mesa. This being so, under paragraph 2528, Revised Statutes of Arizona (Civ. Code) 1913, which provides that:

"The county attorney is the public prosecutor and must:

"(1) Attend the superior and other courts, and conduct, on behalf of the state, all prosecutions for public offenses, . . . "

—he assumed that it was his duty to dispose of it. He had received information which caused him to believe that the state would be unable to present sufficient evidence to justify a trial in the superior court, whereupon he made the motion which resulted in a dismissal of the action.

It is also clear that, had he known it was an appeal from the police court, and that the prosecution was for the violation of a municipal ordinance, he would not have acted at all in the matter, but would have

referred it to the city attorney of Mesa; nor would
the judge of the superior court have dismissed the
case had he known the facts. Without criticising any
of the parties connected herewith, it is obvious that
the action of the superior court was based upon a
misapprehension of the true situation. Does such a
condition authorize the court to vacate its order of
dismissal?

It is a general rule of the common law that all the
judgments, decrees, or other orders of a court, how-
ever conclusive in their character are in its control
during the term at which they are rendered, and may
during that term be set aside, vacated or modified,
by that court. *Bronson* v. *Schulten,* 104 U. S. 410,
26 L. Ed. 797; *United States* v. *Mayer,* 235 U. S. 55,
59 L. Ed. 129, 35 Sup. Ct. Rep. 16; *United States* v.
*Linnier* (C. C.), 125 Fed. 83; *Territory* v. *Kinney,* 3
N. M. (Gild.) 656, 9 Pac. 599; *Tiberg* v. *Warren,* 192
Fed. 458, 112 C. C. A. 596. And the only limitation
in Arizona is that the action must be taken within six
months. Paragraph 600, Rev. Stats. Ariz. (Civ.
Code) 1913; *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac.
397.

It is true that most of the cases in which this ques-
tion has arisen have been civil ones, but, except where
the constitutional provision in regard to former
jeopardy would forbid, we see no reason in logic or
justice why the same rule should not apply in a crimi-
nal proceeding. A criminal cause on appeal to the
superior court is tried *de novo,* and it is obvious that
the vacation of an order dismissing the action does
not create a double jeopardy. It is only by virtue
of the statute, indeed, that the dismissal of any mis-
demeanor charge is a bar to even another prosecution
for the same offense, and this, of course, is not an-
other prosecution but the original one. We cannot
conceive section 1279, *supra,* to mean that when,

through fraud, excusable negligence, or mistake an order has inadvertently been made dismissing a criminal proceeding, the trial judge is powerless to vacate the order. It is a matter within his discretion, subject only to review by this court for abuse thereof, and we are of the opinion that on the showing made before him the trial judge properly reinstated the case.

For the foregoing reasons, the alternative writ of prohibition is quashed.

McALISTER, C. J., and ROSS, J., concur.