[Criminal No. 670.  Filed March 19, 1928.]

[265 Pac. 622.]

## B. W. L. SAM, Appellant, v. STATE, Respondent.

Mr. L. L. Wallace and Messrs. Struckmeyer, Jennings & Strouss, for Appellant.

Mr. John W. Murphy, Attorney General, Mr. Frank J. Duffy, Assistant Attorney General, and Mr. J. Hubert Smith, County Attorney (Mr. W. E. Patterson and Mr. J. J. Sweeney, of Counsel), for the State.

LOCKWOOD, J.—Defendant, B. W. L. Sam, was convicted of first degree murder, and the death penalty was fixed by the verdict. Motions for new trial and in arrest of judgment were presented by the defendant and denied by the court. Thereafter, and on the thirty-first day of December, 1926, judgment and sentence were pronounced upon the verdict. Defendant duly perfected his appeal, and thereafter, but within six months from the date the judgment was rendered, defendant filed a motion to vacate the judgment and to vacate the order denying defendant's motion for new trial, based on the ground of fraud and perjury in procuring the verdict. These motions to vacate were denied by the trial court on the ground of want of jurisdiction, and defendant has appealed from the order denying them.

It is the theory of defendant that under paragraph 600, Revised Statutes of Arizona of 1913, Civil Code, the trial court may at any time within six months from making and entering a judgment vacate, set aside, or modify it, regardless of the fact that an appeal to this court has been perfected. Respondent contends, on the other hand, that after such appeal has been completed the trial court loses all jurisdiction over the case except to do what may be necessary in furtherance of the appeal.

Paragraph 600, *supra,* reads as follows:

"600. The court may, any time within six months after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders or proceedings."

Under the common law trial courts had the inherent power to vacate, modify or set aside judgments during the term in which they were rendered, but had no such power after the term had expired, except under certain circumstances when the judgment was obtained by fraud. When our system of courts was changed, upon the adoption of our Constitution, terms of court no longer existed. In order to meet that condition and preserve the right of the trial court to set aside and modify its judgments, legislation was necessary, and it is obvious that paragraph 600, *supra*, was adopted for this purpose. By its language the time in which a court may act is fixed at six months instead of, as under the common law, the term at which the judgment was rendered. The statute therefore in substance merely affirms the common-law doctrine and fixes the period of six months in lieu of the no longer existing term of court. *Hayward* v. *Knapp,* 22 Minn. 5; *Russell* v. *Gunn,* 40 Minn. 463, 42 N. W. 391.

Ordinarily speaking, this power is invoked only in civil cases. We have, however, in *Condos* v. *Superior Court,* 29 Ariz. 186, 239 Pac. 1032, stated, referring to paragraph 600, *supra:*

"It is true that most of the cases in which this question has arisen have been civil ones, but, except where the constitutional provision in regard to former jeopardy would forbid, we see no reason in logic or justice why the same rule should not apply in a criminal proceeding."

In *State* v. *McKelvey*, 30 Ariz. 265, 246 Pac. 550, we inferentially, though not directly, limited the doctrine laid down in the Condos case, *supra,* by stating that at common law, where a defendant has entered upon the execution of a valid sentence, the court has no jurisdiction, even during the term at which the sentence was rendered, to set it aside and render a new sentence. Since, as we have stated, paragraph 600, *supra,* was undoubtedly intended as a mere affirmance of the common-law rule except as to the time during which the power could be exercised, we think the language in the Condos case, *supra,* limiting the application of paragraph 600 only by the constitutional provision regarding double jeopardy, was too broad. What we should have stated was that paragraph 600 applied to criminal as well as civil cases in so far as the power was exercised under the common law.

The question, then, for our consideration in this case, is whether or not the perfecting of the appeal divested the trial court of jurisdiction to vacate its judgment. There is a wealth of authorities upon the question, but they are greatly at variance in their reasoning and conclusions. This court in the case of *Sullivan* v. *Woods,* 5 Ariz. 196, 50 Pac. 113, in passing on the action of the lower court in setting aside a judgment for defendant and granting a judgment for the plaintiffs, after a notice of appeal and bond had been filed, said:

"The court, however, retained power over the judgment during the term, and the order which it did make was made during the term; and in the term it has the right to amend, set aside, or annul all orders and decrees made in the case. This is an inherent power in the court, and cannot be abridged or lost by the act of either party in taking steps necessary to perfect an appeal. *There is nothing to appeal from until the judgment and decrees of the*

*court are irrevocable by the court which pronounced them.* The judgment of the court below in this case was not irrevocable by that court until the close of the term in which the judgment was entered." (Italics ours.)

Chief Justice BAKER, however, dissented, stating:

"The effect of the appeal was to invest this court with all jurisdiction over the cause, and deprive the district court of any jurisdiction thereover. This is a well-established rule, and is directly recognized by our statute."

Later in the case of *Jackson* v. *Lebanon Res. etc. Co.*, 19 Ariz. 443, 171 Pac. 997, the court stated:

"The said appeal as perfected did not have the effect of superseding the decree; hence the trial court did not lose jurisdiction over the same, either by operation of law, by act of the parties appealing, nor in fact, as the court expressly retained jurisdiction of the matter upon the face of the decree, for the purpose of enforcing the equities of the parties."

It would seem from these decisions that this court was committed to the view that the perfecting of an appeal did not divest the lower court of jurisdiction to vacate the judgment appealed from. However, in the case of *Bryan* v. *Inspiration Con. Cop. Co.*, 27 Ariz. 188, 231 Pac. 1091, the court, in referring to the effect of giving notice of appeal and filing the bond, said:

"These two acts result in a perfected appeal, a removal of the case to the appellate court, and a termination of the superior court's jurisdiction over it. . . ."

In 1926, in the case of *Navajo Realty Co.* v. *County Nat. Bank, etc.*, 31 Ariz. 128, 250 Pac. 885, in passing on the authority of the trial court to enter a satisfaction of judgment after an appeal had been taken, we said:

"When an appeal to this court has been perfected, the trial court loses all jurisdiction of each and every matter connected with the case, except in furtherance of the appeal, unless it is expressly given jurisdiction by statute. . . . It is obvious on a moment's reflection that this must be so; if it were not, parties could at their will render the judgments of this court nugatory, and its decrees a laughing stock."

This last decision, while not expressly overruling *Sullivan* v. *Woods* and *Jackson* v. *Lebanon etc. Co., supra,* does so in effect. In view, however, of the apparently conflicting decisions of this court and the fact that in none of them were the real merits of the proposition carefully considered, we have decided to examine the question upon its merits, uninfluenced by any previous expressions of opinion of this court.

Counsel for defendant has cited a number of cases upholding the right of the trial court to vacate a judgment while an appeal therefrom was pending in the Supreme Court. Among these the case which seems best to sustain his position in reasoning and logic is that of *Chambliss* v. *Hass*, 125 Iowa 484, 3 Ann. Cas. 16, 68 L. R. A. 126, 101 N. W. 153. Therein the court says:

"Nor do we see how the fact that an appeal has been taken and judgment affirmed before the order for new trial is entered can introduce any change in the relative rights or positions of the parties. As already suggested, the affirmance simply decides that the judgment was regularly and properly entered upon the case which the trial court then had before it, but leaves it exposed to the liability of a new trial, on proper showing therefor, precisely as if no appeal had been taken. Let us suppose, for instance, that an appeal had been promptly perfected, an affirmance ordered, and the judgment collected by execution, all within six months from the date of its rendition in the trial court, and thereafter and within one year the defendant had discovered in-

dubitable proof that the recovery against him had been secured by gross fraud and perjury; could it be said that the affirmance and satisfaction of the judgment had made the statutory provision for new trial of no avail to him? If so, why? The law gave him the entire year in which to act, and an application made upon evidence discovered during the eleventh month is as timely as if it had been made during the first month. This issue which he now seeks to try has never been adjudicated by any court, and was in no manner considered or passed upon by the appellate tribunal, and the satisfaction of the judgment by execution cannot be considered an acknowledgment of its finality or a waiver of the right to attack it for fraud.''

The contrary theory is well represented in the case of *United Railways, etc.,* v. *Corbin,* 109 Md. 52, 71 Atl. 131. We quote therefrom as follows:

''Such practice might result either in the time of this court being occupied in hearing and considering an appeal from a judgment which the lower court was at the same time considering the propriety of vacating, and might vacate, or it would require this court to postpone the hearing and decision of the appeal until the lower court determined whether it would vacate the judgment, although the question was not involved in the appeal in this court. Circumstances might delay action by the lower court for months, and in the meantime this court could not with propriety dispose of the appeal, although regularly before it, because of the proceedings taken in the court below, subsequent to the transcript being filed in this court. If such be the right of a party losing a case, resort might be had to such a motion for the purpose of delay, or to annoy and harass the other party, for if the motion must be entertained by the lower court it cannot always be speedily disposed of. . . . .

''But in addition to those reasons, which may be said to only affect the convenience of the court or the parties, or at most only to cause delay, which is not as of much importance as giving relief against fraud, the practice might result in conflicting actions

of the two courts which would not only be injurious to the parties interested, but would reflect discredit upon the administration of justice. This court might, for example, affirm a judgment the same day that the court below struck it out. The Constitution says that the judgments of this court 'shall be final and conclusive,' and there are statutes in force which would cause great confusion, to say the least, if the two courts were permitted to act in reference to the same judgment at the same time. Under section 22 of article 5 [Code 1904] this court has power, whether a judgment be reversed or affirmed, to grant a new trial, if it be of the opinion it ought to be granted, and it might affirm a judgment and order a new trial, and the lower court might the same day pass an order refusing to strike out the judgment. Under section 23 of that article, if this court reverses a judgment, it can, on the statute being complied with, direct the clerk to transmit a copy of the record to the clerk of the court of some other county or city, with an order directing it to proceed with a new trial, while the lower court might strike out the judgment and order the case to be retried. Or the judgment might be affirmed in this court and execution issued thereon, while the lower court might grant the motion to strike out the judgment on which the one in this court was based. The bond could be sued if the judgment is affirmed by this court, and other instances of confusion and injury might be given.

"If it be said that it is not contended that the two courts can act concurrently, which is to have precedence? Is this court to wait until the lower court acts? If so, where is the authority for it? There is no statute authorizing such delay, and it would be a very questionable exercise of power for this court to continue a case pending here, at the instance of the appellant and against the will of the appellee, to await the action of the lower court on a motion made after the appeal was regularly docketed in this court. If, on the other hand, it be said that the lower court must wait until this court has acted, that is precisely what the order appealed from provided for."

We might cite many cases sustaining each view above presented. We think, however, that is unnecessary, as the two quotations set forth the reasoning supporting the respective rules, and mere numbers can add nothing thereto. We are decidedly of the opinion that the logic of the last-cited case is far superior. Under the Constitution the judgments of the Supreme Court are binding and conclusive on all courts and litigants. *State* v. *Superior Court,* 22 Ariz. 452, 197 Pac. 537. It would indeed be an anomalous and intolerable condition if, after this court took jurisdiction of a question, a lower tribunal had the right to act therein so long as this court retained jurisdiction. The situation might then arise of this court affirming a judgment and ordering the execution thereof, while at the same time the trial court set aside the judgment and rendered one diametrically opposed to that just approved by us. We therefore state the rule in this jurisdiction to be that when the Supreme Court has taken jurisdiction of a case on an appeal no inferior tribunal has any jurisdiction thereof, except to perform the necessary acts in furtherance of the appeal, such as correcting and perfecting its records to show what has actually occurred in the lower court, etc., so long as jurisdiction is retained by this court.

This being the law, the trial court correctly ruled that it was without jurisdiction to vacate or set aside the judgment which had been appealed from. The order of the superior court of Mohave county is affirmed.

ROSS, C. J., and McALISTER, J., concur.