385 P.2d 708

**Clarence O. JACKSON and Billie Jackson, husband and wife, Appellants,**

v.

**PACIFIC INVESTMENT CO., Inc., a corporation, Appellees.**

**No. 7259.**

Supreme Court of Arizona.

In Division.

Oct. 16, 1963.

Bayham & Huffsteter, Phoenix, for appellants.

Paul H. Primock, Evans, Kitchel & Jenckes, Phoenix, for appellees.

BERNSTEIN, Chief Justice.

The parties to this appeal stipulated in the lower court to a dismissal with prejudice of the complaint and cross-complaint pursuant to Rule 41(a), Ariz.Rules Civ.Proc. 16 A.R.S. The order of dismissal was entered on March 28, 1958. More than two

years later, on June 30, 1960, defendants-cross-complainants, moved the trial court to vacate the 1958 order of dismissal. This motion was denied on the ground that "the court has lost jurisdiction." Defendants now appeal.

Rule 60(c), Ariz.Rules Civ.Proc. provided:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, *order*, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. *The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken.*" (Emphasis added).

Appellants argue that the order of dismissal amounts to final judgment and that the time for a motion to vacate an order of the trial court under Rule 60(c) does not begin to run until a judgment fee has been paid. No judgment fee has been paid in this case.

We agree that the order of dismissal with prejudice constituted a final disposition of the case by the trial court. State Bd. of Barber Examiners v. Edwards, 76 Ariz. 27, 258 P.2d 418 (1953). Such an order becomes effective on the date it is entered in the civil docket, however, and not from the time any fees are paid. See also Sligh v.

Watson, 67 Ariz. 95, 191 P.2d 724 (1948) where the inquiry was when a judgment became final for purposes of calculating the time for appeal. We have held that the time for appeal begins to run from the date judgment is recorded in the civil docket regardless of the payment of judgment fees. And see Harbel Oil Co. v. Steele, 81 Ariz. 104, 301 P.2d 757 (1956).

The order denying appellants' motion to vacate is affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.