393 P.2d 906

Shirley CAMPBELL, Petitioner,

v.

E. R. THURMAN, Judge of the Superior Court, Maricopa County, Arizona, Respondent.

No. 8378.

Supreme Court of Arizona,

En Banc.

July 1, 1964.

H. B. Daniels, Phoenix, for petitioner.

Charles N. Ronan, Maricopa County Atty., by Richard R. Brennan, Deputy County Atty., for respondent.

BERNSTEIN, Justice.

This action was commenced in this court as an original petition for certiorari under Art. VI, § 5, Arizona Constitution, as amended, A.R.S., Rule 1 (a & b), Rules of Supreme Court, 17 A.R.S. and A.R.S. § 12–2001 et seq. It asks review of an order of the Honorable E. R. Thurman, Judge of the Superior Court of Maricopa County.

The petitioner is a 15 year old girl, who was held on a charge of murder, which was subsequently reduced to Involuntary Manslaughter by the Justice of the Peace who heard the case on an order of Juvenile Court transferring the petitioner to the proper authorities for prosecution as an adult, Application of Vigileos v. State, 84 Ariz. 404, 330 P.2d 116.

A motion to quash this information was granted on October 29, 1963. A rehearing was granted at the request of the State and on November 21, 1963, the trial court reversed itself and denied the motion to quash the information against the petitioner. Peti-

tioner contends that the Superior Court, after the information was once quashed, had no further jurisdiction to grant a rehearing, or to reverse its prior order.

It is agreed that the Rules of Criminal Procedure do not provide for a rehearing in the Superior Court. The petitioner contends that the filing of a new information, as provided for in Rules of Criminal Procedure 175 [1] and 176,[2] 17 A.R.S. is the *only* action that may be taken by the State. See State v. Freeman, 78 Ariz. 281, 279 P.2d 440; State v. Holden, 88 Ariz. 43, 352 P.2d 705.

■■ The State contends that A.R.S. § 12–122 authorizing the Superior Courts to "proceed according to the common law" confers jurisdiction to grant rehearings in criminal cases, and as applied to this case, on a motion to quash an indictment. This section is a part of Title 12 of the Revised Statutes 1956, relating to "Courts and Civil Proceedings". It does not confer jurisdiction, but regulates procedure when the court has jurisdiction. State v. Bigelow, 76 Ariz. 13, 258 P.2d 409, 39 A.L.R.2d 979, affirmed the power of the Superior Court to use the common law definition of a crime where there is a statute making the act a crime in Arizona, and holds that the same principle applies to "adjective law, administrative in character." The court made no reference to A.R.S. § 12–122 and found no statutory authority for imposing intermittent sentences. It denied the existence of any inherent power to do so in the superior court. This principle applies here. There is no authority in the statutes or rules for granting a rehearing to the State on a motion to quash an information, and the court has no continuing jurisdiction for such a purpose. It is only after jurisdiction is conferred by Constitution, statute or rule, and when a case or controversy is pending before the court, that any inherent or common law

---

1. "Rule 175. Effect of sustaining motion to quash

"If the motion to quash is sustained, the court may order that another information be filed, or, if the court is of the opinion that the ground on which the motion to quash was sustained may be avoided in a new complaint, it may order that a new complaint be filed or that the matter be again submitted to a grand jury within five days, or if the matter is such that an information might have been filed against the defendant if he had not been indicted, that a complaint be filed within five days for the offense charged in the indictment. If one of such orders is made, the defendant, if in custody, shall remain so unless admitted to bail. If such order is not made, or if having been made a new indictment is not found by the same grand jury having authority to inquire into the offense, or another information or complaint not filed within a time specified in the order, or within such further time as the court allows, for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless he is in custody on some other charge. If the defendant has been released on bail, he and his sureties are exonerated and if money or bonds have been deposited as bail such money or bonds shall be refunded."

2. "Rule 176. Order sustaining motion to quash not bar to subsequent prosecution; exceptions

"An order sustaining the motion to quash is not a bar to another prosecution for the same offense * * *."

powers may be used. State ex rel. Andrews v. Superior Court, 39 Ariz. 242, 5 P.2d 192.

The predecessor of Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S., Civ. Code 1913, ¶600, provided for the setting aside of judgments and orders in the circumstances set forth therein. It was held to apply "to criminal as well as civil cases in so far as the power was exercised under the common law". Sam v. State, 33 Ariz. 421, 265 P. 622; Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032. In State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (June 1964) we reaffirmed the rule of Sam, and held that the defendant may move for a reconsideration of the denial of a motion for a new trial in a criminal case under Rule 60(c). In Lopez we said:

> "Applying the reasoning, then, of Sam v. State, supra, the trial court *in the absence of a specific rule or statute* has inherent jurisdiction to modify and vacate its own judgments and orders in criminal cases, in accordance with Rule 60(c) of the Rules of Civil Procedure, as amended, unless such jurisdiction is sooner terminated by the perfecting of an appeal to the appellate court." (Emphasis supplied.)

Under Condos and Sam the State might make a similar motion in a criminal case unless double jeopardy would be involved *and if the power to grant the motion was exercisable at common law.* But a motion by the State would be proper under Rule 60 (c) only if, in addition the State showed that the motion was based on one of the six grounds specified in Rule 60(c) and that no specific provision of the Criminal Rules such as Rules 175 and 176 were applicable.

■ The State does not purport here to be acting under Rule 60(c), nor could it. In this case the court's jurisdiction over the person of the petitioner ended when the motion to quash was granted. The State might have appealed under A.R.S. § 13–1712(1). The State might have filed a new information pursuant to Rules of Criminal Procedure 175 and 176. Where statutes and rules exist covering the situation it is unnecessary and improper to look to the common law for inherent powers.

United States v. Healy, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (Feb. 1964), relied on by the State, recognized a rule of convenience for the expeditious disposition of Federal criminal cases.[3] There is no suggestion that the right of the Government to petition for a rehearing in the District Court from the dismissal of an indictment is of common law origin. Arizona has adopted a different procedure for use after the quashing of an information: (1) the filing

---

3. "Of course speedy disposition of criminal cases is desirable, but to deprive the Gov-  ernment of the opportunity to petition a lower court for the correction of errors

of a new information, under Rules 175 and 176, supra, or (2) an appeal under A.R.S. § 13–1712(1).

Writ granted.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concurring.

might, in some circumstances, actually prolong the process of litigation—since plenary consideration of a question of law here ordinarily consumes more time than disposition of a petition for rehear-

ing—and could, in some cases, impose an added and unnecessary burden of adjudication upon this court. (Footnote: In this case, the record and legal issues plainly indicate the good faith of the Govern-

ment in petitioning for rehearing. We would, of course, not countenance the United States using such petitions simply as a delaying tactic in criminal litiga-

tion; there is, however, not the slightest basis for believing that it would try to do so.)" United States v. Healy, 376 U.S. at 80, 84 S.Ct. at 556.