466 P.2d 755

**Pearline BELCHER, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Kenneth C. Chatwin, Judge thereof, and Moise Berger, County Attorney for Maricopa County, Arizona, Respondents.**

**No. 2092.**

Supreme Court of Arizona,
In Banc.
March 26, 1970.

---

Ross P. Lee, Maricopa County Public Defender, by Patricia Whitehead, Deputy Public Defender, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by David Bailey, Deputy County Atty., Phoenix, for respondents.

UDALL, Justice.

Petitioner, Pearline Belcher, applied to this Court for an Alternative Writ of Prohibition to prohibit the respondent Superior Court, in and for the County of Maricopa, and Kenneth C. Chatwin, a judge thereof, from proceeding further in passing sentence on petitioner in Cause No. 58739, wherein petitioner is the defendant, and Moise Berger is the prosecuting attorney.

It is alleged in the prayer for an alternative writ of prohibition that the petitioner was charged with robbery on criminal complaint No. 1251, filed in the East Phoenix One Justice Court. After the preliminary hearing, petitioner was held to answer in the Superior Court.

The arraignment of petitioner was held on July 9, 1969, at which time petitioner entered a plea of "not guilty" and the trial was set for September 30, 1969, in Division 7 of the Maricopa County Superior Court.

On the date set for trial the County Attorney moved to dismiss the case without prejudice, on the ground that the complaining witness was not available for trial. The trial court thereupon entered an order dismissing the cause, without leave to refile. The jury had not been impaneled, and petitioner does not argue that jeopardy had attached. See Westover v. State, 66 Ariz. 145, 185 P.2d 315 (1947).

Very shortly thereafter the complaining witness appeared and the court was immediately notified that the complaining witness would be available for the trial on schedule. Thereupon the court, sua sponte, vacated the prior order dismissing the cause and proceeded to trial. The petitioner was convicted of robbery following a trial by jury.

A motion for an arrest of judgment was filed by petitioner on the grounds that the court lost jurisdiction to try the matter. After a hearing on the motion the trial court denied it.

A hearing was held before this court, on December 16, 1969, on the petition for an alternative writ of prohibition. At the conclusion of the hearing, this court ordered that an alternative writ of prohibition issue, addressed to the respondents, the Superior Court of the State of Arizona, in and for the County of Maricopa, and to the Honorable Kenneth C. Chatwin, Judge thereof, commanding said respondents to desist and refrain from further proceedings in the action until further order of this court, and that they thereafter show cause why they should not be absolutely restrained from further proceedings in such matter.

It is the contention of the petitioner that the trial court should be prohibited from sentencing her in Cause No. 58739; that the court lacked jurisdiction to try the matter, and that the judgment of conviction

in the Superior Court was therefore void. The basis for this position is founded on the proposition that the trial court dismissed the action without leave to the State to refile. It is contended that this dismissal deprived the court of power to proceed with the trial.

The decision in this matter turns upon whether the trial court still retained jurisdiction to enter a valid order in the case after the order of dismissal was entered on the minutes of the Clerk. In the case of Zimmerman v. Western Builders' & Salvage Co., 38 Ariz. 91, 95, 297 P. 449 (1939), we said:

> "It is the general rule of law that it is discretionary with the trial court to reinstate an action previously dismissed, and that such reinstatement will not be set aside except for an abuse of discretion."

This court has spoken recently regarding the issues raised herein in the case of Goodman v. Gordon, 103 Ariz. 538, 447 P.2d 230 (1968). In *Goodman* it was argued that after the court had dismissed an action it had no further jurisdiction to act in the case. In response to this proposition the court said:

> "While this is true in most instances, it is not true as to the order involved in the instant case * * *. A.R.S. § 12–122 provides that the superior court, in addition to the powers conferred by constitution, rule, or statute, 'may proceed according to the common law.' In other words, the superior court has inherent powers. In the instant case, such inherent powers include the right to correct orders based on mistaken facts." 103 Ariz. at 539, 447 P.2d at 231.

In the instant case the court, in making its order, was under the impression that the vital witness would not be available to proceed with the trial, whereas—a few minutes after the order had been made—the court was informed that the witness was available. This prompted the court sua sponte to vacate the prior order dismissing the cause and to thereafter proceed with the trial.

In Jackson v. Pacific Investment Co., 94 Ariz. 416, 385 P.2d 708 (1963), the court ruled that the order of dismissal became final when entered in the civil docket. (In this case the order of dismissal was never entered in the criminal docket, but was entered only in the Clerk's Minute Book.) It was stated in *Jackson* that the court does not lose jurisdiction of a matter it has dismissed until after a reasonable time—not to exceed six months—has passed without a motion being filed to vacate the order.[1]

The *Goodman, Zimmerman,* and *Jackson* cases, supra, are of a civil nature. However, the same principles apply in reference to criminal matters. Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032 (1925). See also Campbell v. Thurman, 96 Ariz. 212, 393 P.2d 906 (1964); State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964); Sam v. State, 33 Ariz. 421, 265 P. 622 (1928). The obvious implication is that the court does not lose jurisdiction in a matter by ordering its dismissal before jeopardy has attached, unless there is an abuse of discretion in vacating the order of dismissal and reinstating the case for trial. In Condos v. Superior Court, supra, this court stated as follows:

> "It is a general rule of the common law that all the judgments, decrees, or other orders of a court, however conclusive in their character are in its control during the term at which they are rendered, and may during that term be

---

1. See Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S. which provides in pertinent part as follows:

   "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and * * * not more than six months after the judgment, order or proceeding was entered or taken."

set aside, vacated or modified, by that court. * * * It is true that most of the cases in which this question has arisen have been civil ones, but, except where the constitutional provision in regard to former jeopardy would forbid, we see no reason in logic or justice why the same rule should not apply in a criminal proceeding." 29 Ariz. at 190, 239 P. at 1033.

The Court did not abuse its discretion in vacating the order of dismissal in this case.

It is ordered that the alternative writ of prohibition be quashed, and that the cause be remanded for proceedings con-. sistent herewith.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.