475 P.2d 271

**Robert Lee SKINNER and Paul Lawrence Wright, Petitioners,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Hon. Ben C. Birdsall, a Judge thereof, Rose Silver, Pima County Attorney, and Gary K. Nelson, Attorney General of the State of Arizona, Respondents.**

**No. 10084.**

Supreme Court of Arizona,
In Banc.
Oct. 9, 1970.

Messing & Hirsh, by William Messing, Tucson, for petitioners.

Rose Silver, Pima County Atty., by Horton C. Weiss, Deputy County Atty., Tucson, Gary K. Nelson, Atty. Gen., Phoenix, for respondents.

McFARLAND, Justice.

On March 18, 1970, a complaint was filed in which the petitioners, Robert Lee Skinner and Paul Lawrence Wright, together with two other defendants, David Oliver Williams and Donald Thomas, were charged with the crimes of conspiracy, robbery and murder. A preliminary hearing was held before the respondent Magistrate, Ben C. Birdsall, Judge of the Superior Court, sitting as a committing magistrate.

During the course of the preliminary hearing the county attorney was unable to present evidence from the witness Lucius Sorrell for the reason he was an admitted narcotic addict and an LSD user. The court found that he was incompetent to testify at that time. · Another witness, George McDonald, refused to testify after having been granted immunity from prosecution. McDonald was found in contempt of court and confined to the Pima County Jail until such time as he would purge himself by testifying as to certain sworn statements. The court found there was reasonable cause to hold the defendants David Oliver Williams and Donald Thomas to answer for the crimes charged. The court discharged the petitioners finding that there was "not sufficient evidence" to believe them guilty as charged. The order was entered on April 10,.1970. On June 9th the County Attorney petitioned the court to set aside its order and reopen

the preliminary examination as to Petitioners Skinner and Wright, for the reason that the witness McDonald who had been confined in jail was ready to give evidence on the matter. The court vacated the order. The next day the petitioners being present and represented by counsel the court continued the hearing and heard testimony.

Petitioners in this action seek their release on the following grounds:

A. That the Court was without jurisdiction.

B. That the Court, in the exercise of its jurisdiction, violated these defendants' constitutional rights of due process, confrontation and double jeopardy.

The record·indicates petitioners were afforded the right of confrontation, and double jeopardy is not involved. As stated in State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077:

"A preliminary hearing, or as otherwise called a preliminary examination, is not a trial, in its ordinary sense, nor is the determination thereof a final judgment. It is simply a course of procedure whereby a possible abuse of power may be prevented, and accused discharged or held to answer, as the facts warrant * * *".

This court has held that in the absence of a specific rule or statute the court has inherent jurisdiction to modify and vacate its own judgments and orders in criminal cases in accordance with Rule 60(c) of the Rules of Civil Procedure, as amended, 16 A.R.S., unless sooner terminated by appeal. State v. Graninger, 96 Ariz. 172, 393 P.2d 266; Sam v. State, 33 Ariz. 421, 265 P. 622. Rule 60(c), A.R.S. 16, requires that such motion to modify or vacate be made within a reasonable time and not more than six months after the judgment, order or proceeding was entered or taken.

In the case of Belcher v. Superior Court, 105 Ariz. 461, 466 P.2d 755, the court.vacated a dismissal of a case against a de-

fendant which had been made upon a motion of the County Attorney for the reason the complaining witness was not available when the witness appeared a few minutes later.

We cited as supporting this rule the civil cases of Goodman v. Gordon, 103 Ariz. 538, 447 P.2d 230; Jackson v. Pacific Investment Co., 94 Ariz. 416, 385 P.2d 708, and Zimmerman v. Western Builders' and Salvage Co., 38 Ariz. 91, 297 P. 449. In Belcher, supra, we said:

"The Goodman, Zimmerman, and Jackson cases, supra, are of a civil nature. However, the same principles apply in reference to criminal matters. Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032 (1925). See also Campbell v. Thurman, 96 Ariz. 212, 393 P.2d 906 (1964); State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964); Sam v. State, 33 Ariz. 421, 265 P. 622 (1928). The obvious implication is that the court does not lose jurisdiction in a matter by ordering its dismissal before jeopardy has attached, unless there is an abuse of discretion in vacating the order of dismissal and reinstating the case for trial. In Condos v. Superior Court, supra, this court stated as follows:

'It is a general rule of the common law that all the judgments, decrees, or other orders of a court, however conclusive in their character are in its control during the term at which they are rendered, and may during that term be set aside, vacated or modified, by that court. * * * It is true that most of the cases in which this question has arisen have been civil ones, but except where the constitutional provision in regard to former jeopardy would forbid, we see no reason in logic or justice why the same rule should not apply in a criminal proceeding.' 29 Ariz. at 190, 239 P. at 1033.

The Court did not abuse its discretion in vacating the order of dismissal in this case."

We conclude therefore that the court has jurisdiction to vacate its prior order and that he had discretion for good cause to postpone or continue this preliminary examination as to the petitioners. 17 A.R.S., Rules of Criminal Procedure, Rule 20. The court's error in not doing so allowed the petitioners temporary freedom and the benefit of the doubt. From the record before this court they were afforded a lengthy preliminary examination and such error was harmless beyond a reasonable doubt. We find that petitioners were afforded due process and their constitutional right to a speedy trial was not infringed upon.

Relief Prayed for in Petition for Special Action is denied.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.