540 P.2d 1282

**STATE of Arizona, Appellee,**

v.

**Marvin Ray AVRIETT, Appellant.**

**No. I CA–CR 814.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 7, 1975.

Rehearing Denied Nov. 7, 1975.

———◆———

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

OPINION.

DONOFRIO, Judge.

The issue in this case involves the question whether the time limits of Rule 8, Rules of Criminal Procedure, 17 A.R.S., are meant to start anew upon the refiling by the county attorney of a previously dismissed criminal action when the prior dismissal was without prejudice. Appellant has raised no federal constitutional speedy

trial issues in this appeal, therefore the result this Court reaches is based on our interpretation of the Arizona Rules of Criminal Procedure. *See State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974).

On December 23, 1973 appellant was arrested and charged with robbery under Maricopa County Superior Court Cause No. CR-79292. After several motions were made in the action, trial was set for April 17, 1974. On motion of appellant on April 17, 1974 the case was dismissed by the trial court with leave for the state to refile on the basis that 93 days had passed since the arraignment. The dismissal in this case was the result of a three-day violation of this rule.

After the first dismissal, the County Attorney elected to bring the charges before the grand jury which returned an indictment on April 23, 1974—six days after the dismissal. Trial then began in Maricopa County Superior Court Cause No. CR-81141 on June 11, 1974, and after an initial mistrial, a verdict of guilty was returned on June 25, 1974.

■ The trial court apparently allowed the original case to be refiled because there was no showing of prejudice to the appellant by the three-day delay. Appellant would apply the 150-day time requirements of Rule 8.2(a) from the initial appearance on Cause No. CR-79292 through the dismissal of that case and until the trial on Cause No. CR-81141 which resulted from the subsequent grand jury indictment after the original dismissal. We hold that this would be contrary to the obvious intent of Rule 8.6 as interpreted in *State ex rel. Berger v. Superior Court, supra.* A dismissal without prejudice to the County Attorney to refile the charges would have little meaning if it were not implied that the time limits of Rule 8 would begin anew upon refiling the charges. To hold otherwise would mean that in some (if not most) cases it would be pointless for the County Attorney to refile, since the time

limits would already be close to expiration at the time of the initial dismissal of the case.

In the instant case the time limits of Rule 8 began anew on April 23, 1974 when the summons was issued following the grand jury indictment. Therefore only 49 days had elapsed on the original trial date of June 11, 1974 for Cause No. CR-81141, well within the limits of Rule 8.2, Rules of Criminal Procedure, 17 A.R.S.

We therefore affirm.

OGG P. J., and FROEB, J., concur.