557 P.2d 1063

**The STATE of Arizona, Appellee,**

v.

**James Elmer JOHNSON, Appellant.**

**No. 3366.**

Supreme Court of Arizona,
In Banc.

Oct. 21, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

The defendant appeals from a judgment of guilt for the crime of second degree murder. A.R.S. § 13–452. He waived his right to trial by jury and the case was tried to the court which found the defendant guilty and imposed a sentence of not less than twenty years nor more than life in the Arizona State Prison.

The issues on appeal are:

1. Whether the State can be granted ex parte dismissal of a criminal complaint without notice to the defendant.

2. Whether an order of dismissal of a criminal complaint, which did not designate whether the dismissal was to be with or without prejudice in accordance with Rule 16.7(d), Arizona Rules of Criminal Procedure (1973), could subsequently be corrected by an order nunc pro tunc to read "without prejudice."

3. Whether the trial court had authority to vacate an order dismissing a criminal case with prejudice and reinstating the case for trial.

4. Do the Rule 8 speedy trial time limits start to run anew upon the refiling of a felony action after the first prosecution was dismissed on motion of the prosecutor for an alleged defect in the criminal complaint?

5. Did the trial court err in excluding the time period within which the courts were considering defendant's motion to dismiss?

The facts necessary for a determination of this matter on appeal are as follows. On 16 November 1974, the defendant was involved in a minor rear-end traffic collision with Mr. Frank Balke at the intersection of 16th Street and Broadway in Phoenix, Arizona. Witnesses at the scene testified at trial that the two men conversed briefly, and then Mr. Balke began to proceed across the intersection to a telephone booth. The defendant, meanwhile, removed a bumper jack from the trunk of his car, strode up to Mr. Balke from behind and forcefully struck him on the back of the head with the jack. The victim died as a result of the injury five hours later. Evidence at trial revealed that an

hour before this incident the defendant had been involved in an altercation in which he had received a blow across the head with a stick.

A complaint was filed and the defendant was arraigned on the charge of murder on 4 December 1974. By request of the defendant in the case, No. CR–84638 was transferred to the Hon. Philip Marquardt who set trial for 24 February 1975 and later reset it for 26 March 1975. Two days before trial, the court and the county attorney were put on notice by the defense attorney of a possible jurisdictional defect in the complaint. The next day, 25 March 1975, the county attorney filed a motion to dismiss. The court granted the motion and ordered No. CR–84638 dismissed "for the reason that complaint was failing for lack of jurisdiction." The order did not specify whether the dismissal was with or without prejudice as required by Rule 16.7(d), Arizona Rules of Criminal Procedure (1973) in effect at the time.

The same day the county attorney secured a grand jury indictment against the defendant charging him with the same offense, the murder of Frank Balke. A new case number, CR–86923, was assigned and the matter assigned to the Hon. Edward Rapp. The defendant was arraigned on 1 April 1975.

On 21 May 1975, the defendant filed a motion to dismiss CR–86923 with prejudice on the ground that by operation of Rule 16.7(d), Arizona Rules of Criminal Procedure (1973), the dismissal of CR–84638 was with prejudice to the refiling of any new charge. The court agreed and, on 6 June 1975 by minute entry, ordered CR–86923 dismissed with prejudice. Six days later, on 12 June, the State filed a petition for issuance of order nunc pro tunc in Judge Marquardt's court seeking to correct the dismissal of CR–84638 to read "without prejudice." Upon learning that Judge Marquardt had scheduled a hearing on the petition, Judge Rapp, sua sponte, on 16 June by minute entry, vacated his dismissal order of CR–86923 as "improvident" and

took the defendant's motion to dismiss under advisement pending Judge Marquardt's decision. Judge Marquardt ruled on 21 July that the dismissal of CR–84638 had been without prejudice and issued an order nunc pro tunc to that effect. On 24 July, Judge Rapp denied the motion to dismiss CR–86923 and excluded the period of time between 21 May and 24 July under Rule 8.-4(a), Arizona Rules of Criminal Procedure (1973).

The defendant then filed a petition for special action in this court but we declined to accept jurisdiction. Trial was held on 15 October 1975.

## EX PARTE DISMISSAL

The defendant first asserts that the dismissal of the complaint without prior notice and hearing constituted a denial of due process. We do not agree. Absent a showing of bad faith on the part of the prosecution or prejudice to the defendant, the State may move to dismiss a prosecution, and the court may grant the motion, at any time. In the instant case, if there was, in fact, a jurisdictional defect in the filing of the complaint, the prosecution had the right to attempt to correct the defect and a motion to dismiss is one method of doing this. We find no error. *State v. Gonzales*, 111 Ariz. 38, 523 P.2d 66 (1974).

## THE NUNC PRO TUNC ORDER

The defendant next contends that the 25 March 1975 dismissal of criminal complaint CR–84638 was with prejudice by operation of Rule 16.7(d), Arizona Rules of Criminal Procedure (1973), and could not later be corrected by an order nunc pro tunc.

Rule 16.7(d), Arizona Rules of Criminal Procedure (1973), in effect at the time of the motion, read as follows:

"Dismissal of a prosecution shall be with prejudice to commencement of another prosecution arising out of the same events or transactions, unless, when the dismissal is based on a ground other than a violation of Rule 8, the court in

its order finds that the interests of justice require that the dismissal be without prejudice."

Judge Marquardt, by minute entry on 21 July 1975 granting the nunc pro tunc order, stated:

"At the time that the Order was signed dismissing the case, it was the understanding of this Court that the charges would be refiled by the County Attorney.

"The Court finds that the Order for Dismissal was signed in error in that the County Attorney failed to include the words 'without prejudice' in the proposed Order. At the July 10 1975 hearing, the parties were allowed to present evidence as to whether the Complaint should be dismissed with or without prejudice.

"That matter having been under advisement, the Court finds that the interest of justice require that the dismissal be without prejudice.

"The Court further finds that the Order of Dismissal was entered in error and the words without prejudice were unintentionally omitted because of technical error due to the failure of the County Attorney to include said words in the formal Order."

■ The purpose of a nunc pro tunc order is to make the record reflect the intention of the parties or the court at the time the record was made:

"We have consistently held that the function of an order or judgment *nunc pro tunc* is to make the record speak the truth and that such power is inherent in the court. We have made it clear that the court cannot do more than to make the record correspond with the actual facts. It cannot cause an order or judgment that was never previously made or rendered to be placed upon the record of the court. It is to record now for then an order actually made or a judgment actually rendered which through some oversight or inadvertence was never entered upon the records of the court by the clerk or which was in-

correctly entered. (citations omitted)" *Black v. Industrial Commission,* 83 Ariz. 121, 125, 317 P.2d 553, 555–556 (1957). Rule 24.4, Arizona Rules of Criminal Procedure (1973), also allows the record to be corrected to reflect the truth:

"Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders."

■ In the instant case, evidence as to whether the complaint should have been dismissed with or without prejudice was immaterial as to whether to issue an order nunc pro tunc. Nevertheless, it is clear that both the court and the prosecution intended that the dismissal be without prejudice. The prosecutor clearly intended to refile and the court understood this to be the case. An order nunc pro tunc to reflect the truth of the intention of the court at the time of the order of 25 March 1975 in case No. CR–84638 was proper under these circumstances.

## VACATION OF MOTION TO DISMISS IN CR–86923

■ Judge Rapp based his decision to dismiss in CR–86923 on the fact that Judge Marquardt had, in CR–84638, dismissed with prejudice. When he learned that the previous dismissal might not have been with prejudice he set aside his order to dismiss until the question of the dismissal in CR–84638 could be resolved. We have stated:

" * * * the court does not lose jurisdiction in a matter by ordering its dismissal before jeopardy has attached, unless there is an abuse of discretion in vacating the order of dismissal and reinstating the case for trial." *Belcher v. Superior Court,* 105 Ariz. 461, 463, 466 P.2d 755, 757 (1970).

We believe that *Belcher v. Superior Court,* supra, is dispositive of the instant matter. Judge Rapp did not lose jurisdic-

tion by reason of the order of dismissal and he had a reasonable time after the order before he lost jurisdiction to proceed further. *Jackson v. Pacific Investment Co.,* 94 Ariz. 416, 385 P.2d 708 (1963). We find no error in the court, sua sponte, setting aside its previous order dismissing with prejudice.

## SPEEDY TRIAL

■ Finally, the defendant contends that he was denied the right to a speedy trial under the Arizona Rules of Criminal Procedure (1973). Defendant first asserts that because more than 90 days elapsed between his initial arraignment in CR–84638 through its dismissal to the trial on CR–86923 based on the grand jury indictment that the speedy trial requirements of Rule 8 of the Arizona Rules of Criminal Procedure were violated. This raises the issue of whether the Rule 8 time limits began to run from the date of his initial arraignment (4 December 1974) on the later dismissed complaint or from his second arraignment (1 April 1975) on the indictment. We have previously held that where the court grants the defendant's motion for a new finding of probable cause, a second indictment on the same charge gives rise to a new time period. State ex rel *Berger v. Superior Court,* 111 Ariz. 524, 534 P.2d 266 (1975). In *State v. Avriett,* 25 Ariz.App. 63, 540 P.2d 1282 (1975), the Court of Appeals held that the Rule 8 time limits are reinstated upon refiling of the charges by the county attorney where the previous action was dismissed without prejudice for a three day violation of the defendant's speedy trial rights. The same reasoning applies in the instant case and we hold that the time commenced to run from the date of the arraignment in the Superior Court on CR–86923 and release O.R. Rule 8.2(c), Arizona Rules of Criminal Procedure (1973).

We are concerned then only with the time limits as computed from the date of the defendant's arraignment, 1 April 1975, on the grand jury indictment. Since defendant was released from custody following arraignment on the subsequent indictment, he had 90 days to be tried less any excluded time.

■ Defendant argues that he was not tried within 90 days of arraignment on the indictment in accordance with Rule 8.2(c). For purposes of this argument, the time within which the matter was pending in this court on a petition for special action is excluded. If the trial court erred in excluding the period of time between 21 May 1975, when the defendant filed his motion to dismiss in CR–86923 and 24 July 1975, when the motion to dismiss was denied, then defendant's speedy trial right under the Arizona Rules of Criminal Procedure was violated. If the trial court was correct in excluding the time, the defendant was tried within the time limits.

■ Rule 8.4(a) provides that delays occasioned by or on behalf of the defendant shall be excluded from the computation of the time limits set forth in Rule 8.2. The Comment to Rule 8.4(a) states that any delay occasioned by the defendant, whether intentional or not, is to be excluded from the computation. While we believe that the confusion in the instant case is attributable to the prosecution, the defendant not being responsible for the failure of the record to reflect the intentions of the court in the order of dismissal in CR–84638, nevertheless the motion to dismiss of 21 May 1975 by the defendant triggered the delay from that date to 24 July 1975 when the matter was finally resolved. The motion of 21 May was made on behalf of defendant. If granted, it would have been to his benefit. During the time the motion was under consideration the matter could not be tried. We find no error in the court's order in CR–86923 excluding the time from the date of the filing of the motion to dismiss of 21 May 1975 to 24 July 1975, the date the motion was denied.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.